**STATE of Iowa, Appellee,**

v.

**Eugene William BROKAW, Appellant.**

**No. 83–69.**

Supreme Court of Iowa.

Jan. 18, 1984.

Charles L. Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Marcia Mason, Asst. Atty. Gen., and Stephen J. Petersen, County Atty., for appellee.

· Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Defendant Eugene William Brokaw appeals from his conviction, judgment and life sentence for first-degree kidnapping, a violation of Iowa Code sections 710.1(3) and 710.2. We affirm.

The undisputed evidence in this case, corroborated by defendant's testimony, discloses he abducted a nine-year-old boy from

a Muscatine bowling alley. After leading the victim to his auto, defendant told him to keep his head down. Defendant drove into the country where he sexually abused the victim. Defendant then returned the boy to a lot adjoining the bowling alley and told him not to tell anyone about the incident.

Defendant advanced defenses of insanity, diminished capacity and intoxication. We will set out other relevant facts in discussing the various trial errors defendant alleges.

## I. *Did Trial Court Err in Submitting a Flight Instruction?*

Trial court submitted to the jury Iowa Uniform Jury Instruction 501.22 (criminal) ("Flight By The Accused"). Defendant, although not objecting to the form of the instruction, did object there was no evidence to support giving this instruction.

The jury could find from the evidence that when defendant returned his victim to a tavern parking area adjoining the bowling alley there was a squad car at the alley with its lights on. When the boy was freed he ran directly to the squad car.

Defendant testified he would not dispute the victim's testimony. He asserted he awoke the next morning in the home of his sister's foster parents, and did not remember the incident until the afternoon of the next day. At that time he was "scared" and "embarrassed." That day he left Muscatine, and about three weeks later was arrested in South Dakota on a sexual abuse charge issued from Poweshiek County.

Defendant testified he had consumed over a case of beer during the day of this incident. There was evidence, however, from which the jury could have found defendant was not so intoxicated that he could not see the same patrol car the victim saw as he was released, or that he could not then have formed an intent to flee the scene. Defendant's failure to return the victim to the place from which he was abducted is an indication of his intent to flee from the then-present police.

There is no constitutional requirement that the act of flight be found by proof beyond a reasonable doubt. *State v. Webb*, 309 N.W.2d 404, 409 (Iowa 1981). A flight instruction may be proper even though there is no direct evidence the accused fled to avoid a criminal charge. *State v. Haskins*, 316 N.W.2d 679, 681 (Iowa 1982); *State v. Thrasher*, 175 N.W.2d 397, 403 (Iowa 1970). Even though defendant admits doing the act alleged, evidence of his conduct in leaving the scene or locality may be circumstantially relevant to prove both the commission of the act and the intent and purpose for which that act was committed. *State v. Bester*, 167 N.W.2d 705, 710 (Iowa 1969).

Applying the above principles to the record in this case, we hold trial court committed no error in submitting the flight instruction. "It was for the jury to say, under all the circumstances, whether [defendant] departed because of his consciousness of guilt." *State v. Galvan*, 181 N.W.2d 147, 151 (Iowa 1970) (quoting *State v. Bige*, 195 Iowa 1342, 1348, 193 N.W. 17, 20 (1923)).

## II. *Was Defendant Denied Effective Assistance of Counsel?*

Defendant contends he was denied effective assistance of counsel because his trial attorney failed to object to a question during the course of his cross-examination, failed to object to the State's testimony concerning other crimes, and failed to move for a change of venue.

At the conclusion of defendant's cross-examination, the prosecutor asked him if he previously had been convicted of a felony, to which defendant responded in the affirmative. Defendant's trial counsel lodged no objection. On appeal defendant directs our attention to a pretrial statement of his counsel, set out in the record, that indicates defendant had been convicted of kidnapping in the third degree as a result of the Poweshiek County incident. He argues such a charge does not constitute an impeachable felony as it does not involve dishonesty or false statement under the

guidelines of *State v. Martin,* 217 N.W.2d 536, 542 (Iowa 1974). *See* Iowa R.Evid. 609(a). Defendant further asserts his trial counsel, by motion in limine, should have developed a record relating to this crime, and then obtained a ruling preventing the State from exposing it to the jury.

At another point in the trial, a reference to unrelated crimes went unchallenged. A detective was permitted to testify, without objection, that he had a lead or suspect in the case when he read an article in *The Des Moines Register* "which gave some small details of a case extremely similar in nature." This, according to the detective's testimony, occurred in Searsboro, Poweshiek County, and this defendant then was taken into custody "in Winner, South Dakota, where he had been arrested on the Searsboro case." This witness also testified that in a few days he was "picked up by two detectives from Sterling, Illinois, who also wanted [the defendant] and they flew me to Poweshiek County where I interviewed Brokaw."

Although ordinarily we reserve the ineffective assistance of counsel issues for postconviction proceedings, *State v. Steltzer,* 288 N.W.2d 557, 560 (Iowa 1980), we have disposed of these contentions on direct appeal when the record was adequate. *See, e.g., State v. Oliver,* 341 N.W.2d 744, 748 (Iowa 1983); *State v. Hutchison,* 341 N.W.2d 33, 41–42 (Iowa 1983); *State v. Williams,* 334 N.W.2d 742, 745–46 (Iowa 1983); *State v. Ogilvie,* 310 N.W.2d 192, 197 (Iowa 1981).

■ We reviewed the principles we employ in analyzing these cases in *Hinkle v. State,* 290 N.W.2d 28, 30–31 (Iowa 1980), and will not repeat them here. Defendant's burden is the same as that he would carry in a postconviction proceeding:

> In a postconviction proceeding the petitioner has the burden of proof to establish by a preponderance of the evidence a claim of ineffective assistance of counsel. The petitioner must overcome a presumption that counsel is competent. The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. When the claim of ineffective assistance of counsel is premised on the failure of counsel to take some action, the petitioner must demonstrate that (1) counsel failed to perform an essential duty, and (2) prejudice resulted.

*Fryer v. State,* 325 N.W.2d 400, 412–13 (Iowa 1982) (quoting *Henderson v. Scurr,* 313 N.W.2d 522, 524 (Iowa 1981) (citation omitted)).

It is clear from this record that defense counsel was faced with insurmountable proof his client had kidnapped and sexually abused a small boy. The victim had made a positive identification; the police had obtained defendant's taped confession. Months before trial defendant's counsel filed notice he was relying on the defenses of insanity, diminished responsibility, and intoxication. In a pretrial proceeding he told the court that defendant "would be testifying to his background, his personal history." This background and history, as it developed, included defendant's alleged sexual abuse as a child by various persons, including two uncles and a scoutmaster, and defendant's subsequent abuse of his own stepson and other children because of "The hate I have for what happened to me."

■ It is obvious defendant's last-ditch trial strategy was to be completely open and candid about his alleged problems, manifested by these several offenses, in order to fortify the claim he was a mentally sick man. The testimony that defendant now asserts should have been challenged tended to support his defense. That the jury was unconvinced by this strategy does not, in our view, show ineffective assistance of counsel.

■ Lastly, defendant's brief asserts he had ineffective assistance of counsel because his lawyer failed to move for a change of venue. Voir dire of the jury was not reported. Defendant asks that this issue be reserved for an application for postconviction relief. Because we have no

record upon which to make the necessary determination, we reserve defendant's right to raise this issue in such a proceeding.

The judgment entered in district court is affirmed.

AFFIRMED.