**STATE of Iowa, Appellee,**

v.

**LeRoy MARSH, Appellant.**

**85–1058.**

Supreme Court of Iowa.

Aug. 20, 1986.

Charles L. Harrington, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., Patrick C. McCormick, Co. Atty. and Randy S. Hisey, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Defendant LeRoy Marsh appeals from judgment entered upon a jury's verdict that found him guilty of second-degree attempted burglary. He asserts trial court erred in submitting a flight instruction to the jury because the instruction unduly emphasized certain evidence relied on by the State to prove its case. We affirm.

From the trial evidence the jury could have found the following facts. Rita Strube was watching television during the early morning hours on June 25, 1984, when she heard a noise outside her Sioux City home. From her backyard Strube observed two men by the side door of Rightmire's Tavern, located just "two stores away" from Strube's home on Floyd Boulevard. One man was beating on the tavern door while the other kept watch.

Strube telephoned the Sioux City police to report a potential burglary in progress and then returned to her backyard to observe the two men. The men abandoned their efforts, leaving by foot on Floyd Boulevard. They proceeded down Floyd for approximately one block before noticing Officer Arthur Kellogg, responding to Strube's call, approaching in his police car. Strube was now observing the same two men from her front door, and watched them as they commenced running from Kellogg.

As he drove down Floyd Boulevard toward Rightmire's Tavern, Kellogg observed two men walking. He stopped his car, and the men spotted him. They began running, and Kellogg jumped out of the car and shouted: "[P]olice, halt." Kellogg pursued the fleeing men into an alley, one-half block north of Floyd Boulevard. The officer saw one of the men run into a bush before entering the alley. He found defendant hiding there.

Defendant denied involvement in the alleged burglary attempt. He testified he

was walking to his aunt's house when he observed several men around Rightmire's Tavern. He continued to walk down Floyd Boulevard until he saw Kellogg. Defendant then ran behind a truck because he thought the officer was looking for him to testify about an incident involving his friend. When the officer jumped out of the car, defendant attempted to hide under a bush in the alley. Two men ran past defendant and Kellogg pursued them. The latter found defendant under the bush and took him into custody.

The State requested that trial court give a flight instruction. Defendant objected, asserting the instruction violated his due process right to a fair trial under the United States and Iowa Constitutions. He argued the instruction placed undue emphasis on certain evidence and prejudiced the jury.

The court rejected defendant's argument and gave Iowa Uniform Jury Instruction No. 214 (Criminal):

> If you find the offense charged or included in the Information was committed, and that the defendant thereafter fled from the scene of the crime for the purpose of avoiding or retarding prosecution, then such flight is a circumstance you may consider in determining the guilt or innocence of the defendant.
>
> The credit and weight, if any, to be given such circumstance is for the jury to determine from a consideration of all the evidence in the case.

Trial court also submitted a general instruction on circumstantial evidence to the jury. *See 2 Iowa Uniform Jury Instructions (Criminal),* Instruction No. 110 (1979).

On appeal defendant contends trial court erred in submitting the flight instruction to the jury.

We have upheld the submission of flight instructions in previous cases. *See, e.g., State v. Brokaw,* 342 N.W.2d 864, 865 (Iowa 1984); *State v. Webb,* 309 N.W.2d 404, 409 (Iowa 1981); *State v. Poyner,* 306 N.W.2d 716, 719 (Iowa 1981); *cf. State v.*

*Latham,* 366 N.W.2d 181, 183 (Iowa 1985) (The court found the evidence sufficient to support a concealment instruction.). The State, however, concedes that none of our previous cases involved the challenge defendant now asserts.

An instruction should state the applicable rule of law for the jury. It is not intended to marshal the evidence or give undue prominence to certain evidence involved in the case. *State v. Milliken,* 204 N.W.2d 594, 596 (Iowa 1973). Trial court ordinarily should not draw attention to specific evidence when instructing the jury. "A trial court must walk a middle course and avoid arguing the case for either side in the instructions." *State v. Fagan,* 190 N.W.2d 800, 802 (Iowa 1971).

Several jurisdictions have disapproved or questioned the use of flight instructions. *See, e.g., United States v. Robinson,* 475 F.2d 376, 384 (D.C.Cir.1973); *People v. Larson,* 194 Colo. 338, 342, 572 P.2d 815, 817–18 (1977); *State v. Wrenn,* 99 Idaho 506, 508–09, 584 P.2d 1231, 1233–34 (1978); *State v. McCorgary,* 218 Kan. 358, 365, 543 P.2d 952, 959 (1975), *cert. denied,* 429 U.S. 867, 97 S.Ct. 177, 50 L.Ed.2d 147 (1976); *State v. Parker,* 543 S.W.2d 236, 245 (Mo. Ct.App.1976); *State v. Stilling,* 285 Or. 293, 304–05, 590 P.2d 1223, 1230, *cert. denied,* 444 U.S. 880, 100 S.Ct. 169, 62 L.Ed.2d 110 (1979); *State v. Grant,* 275 S.C. 404, 407–08, 272 S.E.2d 169, 171 (1980); *State v. Hoover,* 89 S.D. 608, 618, 236 N.W.2d 635, 640–41 (1975); *State v. Reed,* 25 Wash.App. 46, 49–50, 604 P.2d 1330, 1333 (1979); *Illinois Pattern Jury Instructions (Criminal),* Instruction No. 3.03 (1981) ("The Committee recommends that no instruction be given on this subject. Evidence of flight is a proper subject of argument."); *Nebraska Jury Instructions,* Instruction No. 14.64 (1969); *see also* 1 S. Saltzburg & H. Perlman, *Federal Criminal Jury Instructions,* Instruction No. 3.52 (1985); 3 *id.* at appendix 2, Instruction No. 3.05.

**134**

Those courts have found flight instructions may unduly emphasize certain evidence:[1]

> At best, [flight instructions] merely sanction the use of circumstantial evidence. At worst, they place undue emphasis upon that evidence. Instructions on circumstantial evidence should be expressed in the abstract.

*State v. Jefferson,* 11 Wash.App. 566, 571, 524 P.2d 248, 251 (1974); *see Grant,* 275 S.C. at 407–08, 272 S.E.2d at 171.

We agree flight instructions are "rarely advisable," *People v. Miller,* 187 Colo. 239, 242, 529 P.2d 648, 650 (1974), and should be cautiously given. In most cases, the significance of flight evidence should be left to counsel's arguments, and the court would be correct in giving only a general instruction on circumstantial evidence.

■ Nevertheless, the submission of a flight instruction does not necessarily constitute reversible error. *See Larson,* 194 Colo. at 342, 572 P.2d at 817–18; *State v. Humboldt,* 1 Kan.App.2d 137, 140–41, 562 P.2d 123, 127 (1977); *Stilling,* 285 Or. at 305, 590 P.2d at 1230; *Hoover,* 89 S.D. at 618, 236 N.W.2d at 640–41. *But see Grant,* 275 S.C. at 407–09, 272 S.E.2d at 171–72. Here, defendant has failed to show he was prejudiced by the flight instruction. He concedes flight and argues the fighting issue was identity. The instruction was a correct statement of law and left any inferences to be drawn from defendant's flight up to the jury as they considered all the evidence. Moreover, the State presented strong evidence through the testimony of two witnesses that defendant was one of the men at the tavern who later fled when he saw Kellogg. Defendant was almost continuously observed by either Strube or Kellogg from the time he left the tavern until he was taken into custody.

Trial court's judgment is affirmed.

AFFIRMED.

1. Some courts have criticized flight instructions because they believe flight evidence has only marginal probative value. *See Robinson,* 475 F.2d at 384; *Wrenn,* 99 Idaho at 508, 584 P.2d at 1233; *see also Wong Sun v. United States,* 371

U.S. 471, 483 n. 10, 83 S.Ct. 407, 415 n. 10, 9 L.Ed.2d 441, 452 n. 10 (1963) ("[W]e have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime.").