STATE of Iowa, Plaintiff-Appellee,

v.

Paul H. CALDWELL, Defendant-Appellant.

No. 86–1770.

Court of Appeals of Iowa.

March 23, 1988.

Charles L. Harrington, Chief Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and David L. Dorff, Asst. Atty. Gen., for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ., but considered en banc.

HAYDEN, Presiding Judge.

Defendant, Paul Caldwell, appeals his convictions of burglary in the second degree (two counts), theft in the second degree, theft in the third degree, and possession of burglar's tools. He also appeals his sentences for those crimes and for being adjudged a habitual offender. Caldwell asserts the trial court erred by submitting a flight instruction to the jury. He contends this instruction unduly emphasized his alleged flight and was an improper comment on the evidence. Caldwell asserts the sentencing court erred by failing to state on the record its reasons for sentencing him to consecutive, rather than concurrent, prison terms. We reverse on the flight instruction issue and remand for a new trial. We do not, therefore, address the sentencing issue.

At approximately 7:00 p.m. on December 15, 1986, an Adair County deputy sheriff clocked on radar an oncoming vehicle at seventy miles per hour in a fifty-five mile per hour speed zone. When the deputy turned his car around to stop this vehicle, a high speed chase ensued. The chase ended when the suspect vehicle left the road, stopping in a soybean field 100–150 yards from the highway. The vehicle was empty when the deputy caught up with it, but two sets of footprints in the snow led away from the driver's door of the vehicle. These tracks ran parallel very briefly and then separated. Caldwell was found lying exhausted in the snow at the end of one set of tracks. One Harvey Bone was found hiding behind a shed at the restaurant where the other set of tracks ended. Bone acknowledged he had been the driver of the abandoned vehicle and stated he had eluded the deputy because he did not have a valid driver's license. Caldwell asserted he had been hitchhiking when he was "picked up by a young man with shoulder-length hair, about six foot to six foot two inches tall, weighing a hundred fifty pounds." Caldwell stated that when the pursuit by the deputy started, this man held a gun on him. Caldwell contended he ran from the vehicle because he feared for his life.

The next morning, at approximately 7:30 a.m., a hardware store and a farmers' coop in Orient, Iowa, reported burglaries. A subsequent search of the trunk of the suspect vehicle revealed a number of items from these businesses. An initial search the evening before of the passenger compartment of the vehicle had disclosed a pair of bolt cutters and a metal pry bar. Bone and Caldwell, who had apparently been detained overnight, were thereupon arrested for these burglaries.

Bone and Caldwell were tried together. Caldwell was convicted, as stated above, on two counts of burglary in the second degree and one count each of theft in the second degree, theft in the third degree, and possession of burglar's tools. At trial the State requested a flight instruction. The instruction given was adapted from 2 Iowa Uniform Jury Instructions No. 214 (criminal) and stated:

If you find the offenses charged were committed, and that the defendants

thereafter fled from the scene of the crime for the purpose of avoiding or retarding prosecution, then such flight is a circumstance you may consider in determining the guilt or innocence of the defendants.

The credit and weight, if any, to be given such circumstances is for the jury to determine from a consideration of all the evidence in the case.

Caldwell asserts the submission of this instruction, which he contends unduly emphasized his alleged flight and was an improper comment on the evidence, constituted reversible error.

■ Although flight instructions are rarely advisable, the submission of a flight instruction does not necessarily constitute reversible error. *State v. Marsh*, 392 N.W. 2d 132, 134 (Iowa 1986). An error in instructing the jury does not necessitate reversal unless it is prejudicial. *State v. Gansz*, 376 N.W.2d 887, 891 (Iowa 1985); *State v. Seiler*, 342 N.W.2d 264, 268 (Iowa 1983). Such error is presumed prejudicial, though, unless the contrary appears beyond a reasonable doubt from a review of the whole case. *State v. Davis*, 228 N.W. 2d 67, 73 (Iowa 1975). *But cf. State v. Marsh*, 392 N.W.2d 132, 134 (Iowa 1986) ("defendant has failed to show he was prejudiced by the flight instruction"). The inquiry is whether the evidence was so dispositive of the issue that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the instruction. *See Rose v. Clark*, 478 U.S. 570, ——, 106 S.Ct. 3101, 3109, 92 L.Ed.2d 460, 474 (1986) (discussing harmless error analysis in the context of *Sandstrom* error and citing *Connecticut v. Johnson*, 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823 (1983) (Powell, J., dissenting)).

In *State v. Marsh*, 392 N.W.2d 132 (Iowa 1986), our supreme court concluded, under all the facts adduced, the defendant was not prejudiced by the flight instruction given. *Id.* at 134. The court determined the instruction, essentially identical to the one at issue herein, was a correct statement of the law. *Id.* The court found it significant

the defendant conceded he fled from the police officer investigating the scene, but contended he was not one of the suspects the officer was chasing. *Id.* In light of this contention, the court also found significant the strong evidence the State presented through two eyewitnesses that the defendant was almost continuously observed by one or the other of those witnesses from the time he left the scene of the crime until he was taken into custody. *Id.*

■ The facts in this case are markedly different from those in *Marsh*. Caldwell never conceded he fled from the pursuing deputy sheriff for any reason. His contention was that he was fleeing from the driver of the vehicle because that individual had held a gun on him at the commencement of the high speed chase. Nor was Caldwell "almost continuously observed" from the time he allegedly left the burglarized businesses in Orient until he was found in the snow. In fact, he was not actually "observed" at all until he was found.

As stated in *Marsh*, "flight instructions are 'rarely advisable,' and should be cautiously given. In most cases, the significance of flight evidence should be left to counsel's arguments, and the court would be correct in giving only a general instruction on circumstantial evidence." *Marsh*, 392 N.W.2d at 134 (citations omitted). In this case, such a general instruction was given, in addition to the flight instruction. We conclude the trial court should have only given this general instruction. The evidence in the case was not so dispositive of Caldwell's guilt that we can say beyond a reasonable doubt the jury would have found it unnecessary to rely on the flight instruction. We reverse and remand for a new trial. We render no opinion as to the appropriateness of the flight instruction as applied to Caldwell's codefendant, Harvey Bone.

REVERSED AND REMANDED.

OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ., concur.

DONIELSON and HABHAB, JJ., dissent.

DONIELSON, Judge (dissenting).

I respectfully dissent. As the majority points out, submission of a flight instruction does not necessarily constitute reversible error unless it is prejudicial. I find *State v. Marsh*, 392 N.W.2d 132 (Iowa 1986), to be controlling. In *Marsh*, as in the case at hand, given all the facts adduced, defendant was not prejudiced by the flight instruction. In *Marsh*, defendant conceded he was fleeing from the police officer, albeit for a different reason than being a suspect for the immediate offense. Here, defendant conceded he was fleeing from the driver of the vehicle. There is no requirement that defendant's flight be from a police officer, but only that defendant fled from the scene of the crime. In *State v. Wullner*, 401 N.W.2d 214 (Iowa App.1986), the court found that the flight instruction was a correct statement of the law and left for the jury's deliberations the determination of why the flight occurred. *Id.* at 217. In addition, the flight instructions given in *Marsh* and in the case at hand are virtually identical. Here, as in *Marsh*, the evidence of defendant's guilt was strong.

I would find there was no error in submitting the flight instruction; but assuming arguendo it was error, defendant failed to show he was prejudiced.

HABHAB, Judge (dissenting).

I dissent. It is true that our supreme court in *State v. Marsh*, 392 N.W.2d 132 (Iowa 1986), admonished trial courts that flight instructions are "rarely advisable ... and should be cautiously given." But the court in that same opinion held that the giving of such instruction does not necessarily constitute reversible error. That court affirmed the giving of the flight instruction on several grounds, the more noticeable one being that the defendant failed to show he was prejudiced by the flight instruction.

Likewise in the case before us, I find from an examination of the record that the defendant was not prejudiced by the giving of the flight instruction. The evidence establishing the defendant's guilt is overwhelming. Therefore I would affirm the trial court as to its giving of the flight instruction.