**STATE of Iowa, Plaintiff–Appellee,**

v.

**Robert Allan ENGLE, Defendant–Appellant.**

No. 97–2163.

Court of Appeals of Iowa.

Dec. 28, 1998.

Thomas M. Walter of Johnson, Hester, Walter & Breckenridge, Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Victoria Siegel, County Attorney, and Paul Zingg, Assistant County Attorney, for appellee.

Heard by SACKETT, C.J., and HUITINK, STREIT, VOGEL, and MAHAN, JJ.

### SACKETT, C.J.

Defendant-appellant Robert Allan Engle appeals his conviction and sentence following a jury trial of possession with intent to deliver methamphetamine, in violation of Iowa Code section 124.401(1)(b)(7) (1995); two counts of tax stamp violation, in violation of sections 453B.3 and 453B.12; possession with intent to deliver amphetamine, in violation of section 124.401(1)(c)(7); possession of marijuana, in violation of section 124.401(3); and immediate possession or control of a firearm while participating in a violation of Iowa Code subsection 124.401(1), in violation of section 124.401(1)(e). Defendant contends the district court erroneously instructed the jury and his trial attorney was not effective. We affirm.

A search warrant was issued to search defendant's home for drugs and drug paraphernalia. At the time of the search, defendant was in his bedroom and two other people were in his home. The officers secured the defendant. Methamphetamine was found in a line on a mirror on top of a dresser in the bedroom and also in a plastic canister in defendant's home. Additionally, methamphetamine was found in a chunk and in a baggy in the bedroom. It was also found in nine paper folds mixed with amphetamine. Marijuana was found in defendant's bedroom. The officers also found cutting agents and drug paraphernalia. They found a loaded .22 revolver in its holster hanging in defendant's bedroom closet. Defendant was near the closet door when the officers entered.

The State charged defendant with the following offenses: (1) possession with intent to deliver methamphetamine in violation of Iowa Code section 124.401(1)(b)(7) (1995); (2) failure to affix a drug tax stamp in violation of Iowa Code sections 453B.3 and 453B.12; (3) possession with intent to deliver amphetamine in violation of section 124.401(1)(c)(7); (4) failure to affix a drug tax stamp in violation of sections 453B.3 and 453B.12; (5) pos-

session of marijuana in violation of section 124.401(3); and (6) immediate possession or control of a firearm while participating in a violation of Iowa Code section 124.401(1), in violation of section 124.401(1)(e).

Defendant's attorney conducted no formal discovery and no depositions were taken nor were any motions to produce filed. In an opening statement, defendant's trial attorney told the jury defendant would testify he had a serious drug problem and the drugs seized were for his personal use and the gun was for his protection as he had been beaten once and he was not going to let it happen again.

Evidence was admitted at trial without objection that an officer was present when drugs were purchased from defendant. Trial counsel questioned witnesses concerning a confidential informant buying from defendant, though no evidence on this issue was proffered by the State in its case in chief or on direct examination. Officers further testified without objection as to hearsay statements from others that defendant was dealing in drugs. Despite his attorney's representation in opening statements, defendant did not testify and his trial counsel requested an instruction telling the jury he had elected not to testify. Defendant rested immediately after the State finished its case in chief.

Defendant first objects to instruction No. 16 which defined "immediate possession and control" of a firearm. Defendant's trial counsel objected to the instruction. The firearm charge enhanced defendant's twenty-five-year sentence for possession with the intent to deliver methamphetamine to fifty years and his ten-year sentence of possession with the intent to deliver amphetamine to twenty years. The challenged instruction said:

The word "immediate" means near at hand, not far apart or distant.

The word "possession" includes actual as well as constructive possession, and also sole as well as joint possession.

A person who has direct physical control of something on or around his person is in actual possession of it.

A person who is not in actual possession, but who has knowledge of the presence of something and has the authority or right to maintain control of it either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Defense counsel objected to the court's definition of "immediate." The jury returned guilty verdicts to all of the charges. Due to the jury's determination defendant was in immediate possession or control of a firearm, the court imposed the sentencing enhancements of section 124.401(1)(e). (The court doubled the sentences for the two counts of intent to deliver.)

Defendant contends the district court should have specifically instructed the jury regarding "immediate control." He advances the instruction is erroneous and misstates the law. He specifically argues the instruction is confusing and vague in that it allowed the jury to speculate to the nature of proof required and the law applicable.

Defendant points out the firearm was not on his person; therefore, there were no facts from which the jury could have found defendant to be in "immediate possession" and the instruction as to "immediate possession" should not have been given. Defendant further advances there was no evidence to support a finding the firearm was in such close proximity to defendant to claim immediate dominion as he would have had to enter the closet and take the gun from the holster.

■ The general rule is a trial court's instructions must have support in the record. *See State v. Jenkins*, 412 N.W.2d 174, 177 (Iowa 1987); *State v. Burt*, 249 N.W.2d 651, 655 (Iowa 1977). An error in instructing a jury does not necessitate reversal unless it is prejudicial. *State v. Seiler*, 342 N.W.2d 264, 268 (Iowa 1983) (McCormick, J., dissenting). An error in instructing the jury is presumed prejudicial unless the contrary appears beyond a reasonable doubt from a review of the whole case. *State v. Davis*, 228 N.W.2d 67, 73 (Iowa 1975).

■ We review jury instruction challenges for legal error. *See* Iowa R.App.P. 4.

■ Jury instructions should state the applicable law. *State v. Marsh,* 392 N.W.2d 132, 133 (Iowa 1986). They are not intended to "marshal the evidence or give undue prominence to certain evidence involved in the case." *Id.* In fashioning jury instructions, a trial judge should avoid drawing attention to specific evidence. Instead, the judge should "walk a middle course and avoid arguing the case for either side in the instructions." *Id.*

In *State v. Eickelberg,* 574 N.W.2d 1 (Iowa 1997), the court addressed the meaning of immediate possession and immediate control holding immediate control is the same as direct control as defined in our prior cases. *Id.* at 3–4. The court went on to say while immediate possession, found in section 124.401(1)(e), may require the firearm to be located on defendant's person, immediate control necessitates only that the firearm be in such close proximity to defendant as to enable him to claim immediate dominion over the firearm. *Id.* at 4.

■ The undisputed evidence was defendant was at or near the closet where the gun hung. The only finding that can be inferred from these facts is defendant had immediate dominion over the firearm. Defendant has shown no prejudice. We need not address his challenge to the instruction. We affirm on this issue.

■ Defendant has also claimed his trial counsel was ineffective for failing to (1) conduct discovery, (2) challenge the validity of the search warrant, (3) object to the admission of evidence pursuant to the search warrant, and (4) object to hearsay testimony about defendant's alleged drug dealing. He also claims his counsel was ineffective for (1) requesting the jury instruction regarding defendant's failure to testify, and (2) opening the door to testimony about defendant's alleged drug deals. To succeed on this issue, defendant must show more than his attorney should have done a better job. *See State v. White,* 337 N.W.2d 517, 519 (Iowa 1983).

The State advances there needs to be specific statements as to the inadequate representation and identification as to how it would probably change the outcome. Defendant's appellate attorney contends there is insufficient record available at this point to allow him to address these claims.

■ A court on direct appeal must be provided at a minimum with enough information to make an initial assessment of a defendant's contentions. *Id.* A bold assertion in a brief that defense counsel provided ineffective assistance in an undisclosed manner is not sufficient. *Id.* We recognize it is frequently decided a defendant raising ineffective assistance on direct appeal should have an opportunity to develop further record if defendant's brief adequately details the nature of the instances of ineffective assistance claimed. *See id.* Yet, this does not exonerate a defendant from providing specific enough information in his or her brief to allow us to understand the specifics of the claim he or she proposes to make.

■ Defendant's broad claim his trial attorney failed to conduct discovery without specifics, such as what witnesses were not questioned, what leads were not followed, or who was not deposed, is not preserved. Nor are defendant's broad claims his trial attorney should have challenged the validity of the search warrant and the admission of evidence obtained in the search. Again, defendant has failed to specify any alleged defect in the search warrant proceedings.

■ Defendant has failed to show any prejudice as a result of the jury instruction regarding his failure to testify. Consequently, we find his claim of ineffective assistance on this issue is without merit.

Defendant's claims his trial attorney should have objected to hearsay evidence about his alleged drug dealing, and defendant's claim his trial attorney opened the door to testimony about defendant's alleged drug deals are preserved for defendant to pursue on postconviction relief.

**AFFIRMED.**