# IN THE COURT OF APPEALS OF IOWA

No. 14-0013
Filed June 10, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**PATRICK NEILL MORENO SR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

　　　　Patrick Moreno appeals his conviction and sentence for fourth-degree theft. **REVERSED AND REMANDED.**

　　　　Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Thomas Ferguson, County Attorney, and Emily R. Zerkel, Assistant County Attorney, for appellee.

　　　　Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Patrick Moreno appeals his conviction and sentence for fourth-degree theft. Moreno asserts the district court erred in responding to the jury's request, made during its deliberations, for additional information on the evidence. He also claims the court failed to exercise its discretion in ordering his sentence to be served consecutively to a prior sentence for which he was on work release at the time he committed the theft offense. Moreno also raises several issues pro se. Concluding the district court erred in responding to the jury's request, we reverse and remand.

## I.    *Background Facts and Proceedings*

In the summer of 2013, Moreno was serving an operating while intoxicated (OWI) sentence at a residential facility. While on work release from the facility, he worked thirty-five hours per week at a cell phone repair store. In August 2013, a residential facility officer was conducting a routine search for contraband when he found numerous cell phones, iPods, and other items in Moreno's locker. The items were confiscated. An investigation revealed the items were missing from the cell phone repair store. Moreno was subsequently charged by trial information with theft in the third degree[1] in violation of Iowa Code sections 714.1 and 714.2 (2013).

The manager of the cell phone repair store testified the following items found in Moreno's locker were missing from the store, and described the condition and fair market value of the items:

---

[1] Theft of property exceeding five hundred dollars but not exceeding one thousand dollars is theft in the third degree.

| PHONES | VALUE |
|---|---|
| Samsung Galaxy S III* | $75 |
| iPhone 3GS** | $100-150 |
| Sprint Samsung Epic* | $30 |
| iPhone 3GS* | $25 |
| iPhone (2nd Generation) | $40 |
| iPhone 3G* | $25 |
| iPhone 4** | $235 |
| HTC Inspire*** | $100 |

| iPODS | |
|---|---|
| iPod classic*** | $20 |
| iPod touch (2nd Generation)* | $20 |
| iPod touch (1st Generation)** | $10 |
| iPod classic (5th Generation)** | $150 |

| PARTS | |
|---|---|
| iPhone 4 – screen | $7 |
| Samsung Galaxy III – case | $5 |
| LG- charger | $10 |

* damaged screen
**good condition
***not working

The store manager also testified that during the store remodel, electronic devices were shifted around but they were never discarded. "We don't throw anything away. Everything is saved. Everything has value to us, whether it's to re-use it, or recycle it. We do get paid for even broken screens and stuff, so nothing is ever thrown away."

Moreno denied he stole any phones from the store. He testified got the Galaxy S III, HTC, and iPhone 3 phones, as well as a charger and the iPhone 4 screen, from the store's dumpster. He said none of the three phones worked and had no monetary value. He testified the remaining phones found in his locker were his and that he acquired them from friends, E-Bay, Goodwill, and Craig's List.

The jury found Moreno guilty of theft in the fourth degree.[2] He was sentenced to 240 days in jail, with the sentence to run consecutively to his previous OWI sentence. Moreno appeals.

## II. Discussion

### A. Trial court's response to jury question

Moreno asserts the trial court abused its discretion in responding to the jury's request for additional information on the evidence. A trial court's response to a question from the jury is reviewed for an abuse of discretion. *State v. McCall*, 754 N.W.2d 868, 871 (Iowa Ct. App. 2008).

The jurors were instructed the trial information charged Moreno with the crime of theft in the third degree and that the trial information included the lesser included crimes of theft in the fourth degree and theft in the fifth degree. The jurors were instructed on the elements of theft and the different degrees of theft based upon the value of the property taken, i.e., third degree (more than $500 but not more than $1000); fourth degree (more than $200 but not more than $500); and fifth degree ($200 or less).

During the course of its deliberations the jury sent a note to the court. The note, signed by the jury foreperson, stated, "We need value of 3 phones that he admitted taking out of the dumpster." The court then conferred on the record with counsel and Moreno present. The court's first response to the note "was that they should have been paying more attention when the evidence was presented." A discussion followed between the court and counsel as to their

---

[2] Theft of property exceeding two hundred dollars but not exceeding five hundred dollars is theft in the fourth degree.

respective recollections of the trial testimony. After the court noted there was testimony as to valuation, defense counsel asked, "Whose testimony are they asking for?" The court responded the jury was not asking for anyone's testimony in particular, they were asking for the value of the three phones Moreno admitted taking from the dumpster. Defense counsel aptly noted, "But doesn't the jury decide if they want the value brand new or used or worthless? Don't they have to decide that?"

After the court reporter confirmed the court's notes were correct concerning the valuations placed on the phones by the State's witness, the court asked counsel how they wanted the court "to present this in response to the question? I can break it down by phone in valuation, or I can just give a total." The prosecutor requested the values be matched to the phones. Defense counsel objected, "To kind of re-iterate, your honor, I object to any values being sent back to the jury. I think the response should be that the case is submitted, the evidence is submitted, and they have it, and they have to decide with what they have." Although agreeing "to a certain extent" with defense counsel that the jury "should have been taking notes, but apparently they weren't," the court denied the objection and wrote the following on the jury note:

    HTC Inspire  $100.00
    Galaxy S3    $75.00
    Iphone GS3   $100 - $150.00

About twenty-five minutes after receiving the court's answer, the jury returned its verdict finding Moreno guilty of theft in the fourth degree.

Moreno asserts the trial court abused its discretion in responding to the jury's request for additional information on the evidence. He argues it was

improper for the court to tell the jury which phones Moreno admitted to taking from the dumpster and how much they were worth. "In doing so, the court invaded the province of the jury as the fact finder." We agree. Despite conflicting testimony, the court, in effect, set the value of the phones as a matter of law.

"'Generally, the decision to give a supplemental instruction, or to refrain from doing so, rests within the sound discretion of the trial justice . . . .'" *State v. Watkins*, 463 N.W.2d 15, 18 (Iowa 1990) (quoting *State v. Pignolet*, 415 A2d 176, 184 (R.I. 1983)). A discretionary ruling is presumptively correct and will be overturned on appeal only where an abuse of discretion has been demonstrated. *See id.* In fashioning jury instructions, a trial judge should avoid drawing attention to specific evidence. *See State v. Marsh*, 392 N.W.2d 132, 133 (Iowa 1986). "'A trial court must walk a middle course and avoid arguing the case for either side in the instructions.'" *Id.* (quoting *State v. Fagan*, 190 N.W.2d 800, 802 (Iowa 1971)). Our supreme court stated long ago, "The practice of embodying in an instruction a recitation of facts on which a party relies is not to be encouraged because of the tendency to thereby unduly magnify the importance of the matters thus selected for specific mention . . . ." *Van Norman v. Modern Bhd. of America*, 121 N.W. 1080, 1085 (Iowa 1909). Furthermore, "Under our Constitution and statutes, juries are the triers of fact, either in civil or criminal cases, and the usurpation or assumption of this duty by the court is error and must not be sanctioned." *State v. Hubbard*, 250 N.W. 891, 891 (Iowa 1933). And,

> "The rule is well settled that the jury alone can determine questions
> of fact in a criminal case, and that the judge cannot, either in his
> charge or at any time during the trial, declare or deny the existence

> of any fact bearing on the issues and which is in contest. . . . The plea of not guilty puts in issue every material element of the offense charged, and, if the court may find one fact established, it may find all. We do not think the court has power to instruct that any essential fact is established, notwithstanding there may be no evidence to the contrary."

*Id.* at 892 (quoting *State v. Lightfoot*, 78 N.W. 41, 43 (Iowa 1899) (omission in original)).

The value of the three phones was in dispute. The State's witness testified they were worth between $275 and $325. Moreno testified they were worthless. When it assigned only the State's witness's value to each phone, the trial court infringed upon the fact-finding province of the jury. We therefore conclude the trial court abused its discretion in informing the jury that the three phones were valued at the amounts as testified to by the State's witness.

The State all but concedes the issue (stating "it would appear that the district court highlighted the testimony of the State's witness and this was improper") but argues Moreno was not prejudiced. "Errors in jury instructions are presumed prejudicial unless 'the record affirmatively establishes there was no prejudice.'" *State v. Ambrose*, 861 N.W.2d 550, 554 (Iowa 2015) (citations omitted).

Moreno believes he was found guilty of the lesser-included offense of fourth-degree theft, "which is in line with the values the court provided to the jury." In other words, the jury added the court-given values of the three phones together ($275–$325) and determined the total amount fell within the range of values necessary to prove fourth-degree theft—theft of property exceeding two hundred dollars but not exceeding five hundred dollars. *See* Iowa Code

§ 714.2(4). This belief necessitates a jury finding that none of the other items had been stolen, or that they had no value. The State responds:

> It is more likely, however, that the jury gave credence to [Moreno's] testimony when he said he found the three phones in the dumpster. If, as the State alleged, the value of all of the property recovered from the [Moreno's] locker approached $1000, to discount the values to an amount less than $500—the maximum for fourth-degree theft—the jury necessarily rejected the assertion that [Moreno] stole the higher value items such as the phones. It is logical to conclude that the jury *subtracted* the higher priced phones from the total amount, including the three that they inquired about, reflecting their collective determination of the actual amounts involved.

The State asserts Moreno "actually benefitted from the court's response because the jury gave credence to [Moreno's] testimony and subtracted the value of all the higher priced phones when it convicted him of the lesser offense."

There are several flaws in the State's argument. First of all, had the jury given credence to Moreno's testimony, it would not have found him guilty of theft. Secondly, the State, in referencing the jury's supposed subtraction of the "higher priced phones," ignores the iPhone 4 (valued at $235) that was not included with the three phones in question. Lastly, the State asserted the total value of the allegedly stolen property was between $852 and $902, an amount falling within the range of values necessary to prove the charge of third-degree theft—theft of property exceeding five hundred dollars but not exceeding one thousand dollars. *See* Iowa Code § 714.2(3). Even if the alleged value of the three phones in question is subtracted from the total value alleged, a total value of $577 is left— an amount still within the range necessary to prove third-degree theft. The State's argument does not add up.

One thing is certain: we do not know how the jury arrived at its verdict. We decline to divine. The record does not affirmatively establish the trial court's error was not prejudicial to Moreno. Consequently, we must reverse and remand.

*B. Consecutive Sentences*

Moreno committed the theft while on work release from a residential facility. At the sentencing hearing, the State sought a term of imprisonment of 365 days to run consecutively with Moreno's prior OWI sentence. The State requested the sentence run consecutive "because [Moreno] did commit this offense while in the custody of the Department of Corrections.[3] He was on work release . . . ." Iowa Code section 901.8, requiring consecutive sentences when a person is sentenced for a crime committed while the person is confined in a detention facility or penal institution, was not referenced by the State. After considering numerous sentencing factors, the district court sentenced Moreno to 240 days in jail to run consecutively with his OWI sentence. The court made no reference to section 901.8.

Moreno claims the district court was not required to order his present sentence to be served consecutively to his prior sentence for which he was on work release. He asserts the district court was under the mistaken belief that it

---

[3] The State misspoke. Moreno, an individual on work release, was actually under the supervision of the Department of Correctional Services. *See* Iowa Code §§ 904.901, 904.904; Iowa Admin. Code rs. 201-1.8(2), 201-44.1(2), 201-44.1(1), 205-10.2. Individuals placed on work release under the supervision of the judicial district Departments of Correctional Services are not under the jurisdiction of the Department of Corrections. *See* Iowa Code §§ 905.10 ("Persons participating in postinstitutional services, except those persons paroled and those persons contracted to the district department, remain under the jurisdiction of the Iowa department of corrections."); 905.1(2) (". . . or who are contracted to the district department for supervision and housing while on work release").

had no discretion to order concurrent sentences in this case. Moreno argues that because the district court did not exercise its discretion regarding this aspect of the sentence, his sentence must be vacated and the case remanded for resentencing.

Because we have reversed and remanded this case, we need not decide the issue. Nonetheless, we note our previous rejection of the very same argument Moreno makes here. *See State v. Jackson*, No. 13-1105, 2014 WL 3747680, at *3-*4 (Iowa Ct. App. July 30, 2014). Similarly, we have held the mandatory consecutive sentencing provisions of section 908.1 to be applicable to persons on work release. *See Wayman v. State*, 13-1850, 2014 WL 7343428 at *3 (Iowa Ct. App. Dec. 24, 2014); *State v. Kincaid*, No. 07-1129, 2008 WL 2746477, at* 2 (Iowa Ct. App. July 16, 2008).

*C. Pro se issues*

Moreno raises three issues in his pro se brief. The first issue, dealing with the district court's response to the jury question, is addressed above. Although his second and third issues were not properly preserved, we address them as they may be raised again if Moreno is retried.

In his second pro se issue, Moreno asserts the State "acquired an indictment [against him] based upon false statements contained in the information and the minutes of evidence." His claim is based upon the State's inclusion of an unidentified Iowa Department of Public Safety evidence technician and an unidentified Iowa Department of Public Safety criminalist as witnesses in the minutes of testimony. Because neither witness was called to testify at trial, Moreno baldly declares they do not exist. He contends the State violated Iowa

Rule of Criminal Procedure 2.5(3)[4] and the court was therefore misled by the prosecution when it sought court approval of the trial information.

Moreno voiced no such complaint to the trial court. This court does not consider issues raised for the first time on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). It is not a sensible exercise of appellate review to analyze facts of an issue without the benefit of a full record or lower court determination. *See id.* Generally, to preserve error, an objection should be made when corrective action can be taken. *Summy v. City of Des Moines*, 708 N.W.2d 333, 338 (Iowa 2006). Moreno failed to preserve error on this issue. In any event, his argument is devoid of merit. A prosecutor's obligation to provide a defendant with a "full and fair statement" of anticipated testimony of each of its witnesses does not require the prosecutor to use precision in composing expected testimony, but merely requires that the defendant is adequately alerted to the source and nature of the testimony. *State v. Ellis*, 350 N.W.2d 178, 181 (Iowa 1984). Here, Moreno was sufficiently alerted to the source and nature of the expected testimony from the State's evidence technician and criminalist. Furthermore, the rule does not require the State to call a witness listed in the minutes of testimony to offer testimony for which the State later determines to be unnecessary. *See State v. Shipley*, 757 N.W.2d 228, 232 (Iowa 2008). We reject Moreno's second pro se issue.

---

[4] Iowa R. Crim. P. 2.5(3) provides: "If evidence of the witnesses which shall consist of a notice in writing stating the name and occupation of each witness upon whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony." The purpose of the rule is to ensure minutes that "would eliminate most claims of foul play and would provide meaningful minutes from which a defense could be prepared." *State v. Walker*, 281 N.W.2d 612, 613 (Iowa 1979).

In his third pro se issue, Moreno asserts he was convicted "based upon solicited testimony that was uncorroborated by any other evidence to connect him to the" theft offense. Because he voiced no complaint to the trial court, he failed to preserve error. In any event, the issue is also devoid of merit. Moreno mistakenly characterizes the testimony of the theft victims as "solicited." Iowa Rule of Criminal Procedure 2.21(3) provides that "[a] conviction cannot be had upon the testimony of . . . a solicited person, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense." Moreno flatly ignores the last sentence of the rule: "Corroboration of the testimony of victims shall not be required." Iowa R. Crim. P. 2.21(3). We reject Moreno's third pro se issue.

### III.   Conclusion

Because the trial court trial court abused its discretion in informing the jury that the three phones were valued at the amounts as testified to by the State's witness and the record does not affirmatively establish the trial court's error was not prejudicial to Moreno, we reverse and remand.

**REVERSED AND REMANDED.**