STATE of Iowa, Appellee,

v.

Jeffrey Allen MASSICK, Appellant.

No. 92–1568.

Supreme Court of Iowa.

Jan. 19, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget Chambers, Asst. Atty. Gen., Kevin Parker, County Atty., and John D. Doran, Asst. County Atty., for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

A jury convicted Jeffrey Allen Massick of operating while intoxicated, fourth offense. *See* Iowa Code § 321J.2 (1991). In his appeal from that conviction, Massick raises errors about jury instructions. He also claims that his trial counsel was ineffective. We affirm.

The events leading to Massick's arrest began on January 17, 1992, when he arrived home from work. At that point, Massick and his roommate, Dan Mills, embarked on a drinking spree that lasted until 4 a.m. the next morning.

About 10 a.m., Massick woke up. He woke Mills up too because Mills had promised to drive Massick to an appointment. Weary and feeling still intoxicated, Mills refused to go but let Massick take his car instead.

Massick made it to his appointment, but, on the way back, he lost control of the car, left the road, and collided with a bridge guardrail. A motorist, who happened on the scene, drove Massick to the nearest town. When he arrived, Massick immediately went to a convenience store and bought a quart bottle of beer. He took one or two big drinks from the bottle and left the rest in a nearby automotive shop.

In the meantime a motorist, who had been following Massick just before the accident, called the police. A city police officer went to the scene and saw the wreckage. He also noticed a partially consumed quart of beer on the passenger side of the car.

The officer found Massick in the nearby town and returned him to the scene of the accident. A deputy sheriff soon arrived.

The officer and deputy smelled alcohol on Massick's breath. Massick's face was flushed, his eyes were bloodshot and watery, and he was unsteady on his feet. Both the officer and the deputy testified that Massick was intoxicated.

Massick became belligerent at the scene and for this reason he was not asked to perform field sobriety tests. Later, Massick refused to submit to chemical testing after the deputy had invoked the implied consent law.

We discuss additional facts in our consideration of the issues Massick raises.

I. *Jury Instructions.*

Massick contends that the district court, District Associate Judge Norman R. Hays, erred in failing to properly instruct the jury. He believes one instruction was improperly submitted, constituting improper judicial comment on the evidence. Massick also believes another jury instruction should have been submitted but was not. This instruction alleged that reckless driving is a lesser included offense of driving while intoxicated. Last, Massick challenges the procedure the

district court followed in submitting a supplemental instruction to the jury during deliberations.

We review jury instruction challenges for legal error. Iowa R.App.P. 4.

A. *Instruction on refusal to give breath sample.* In Instruction No. 15 the district court instructed the jury this way:

The defendant was asked to give a breath sample so it could be analyzed to determine the percent of alcohol in his blood. The defendant refused.

A person is not required to give a sample of any bodily substance; however, you may consider a refusal in reaching your verdict.

Massick objected to the instruction in a timely manner. He complained at trial and complains here that the instruction "constituted an improper judicial comment on and unduly emphasized evidence of the refusal."

The challenged instruction follows the language in Iowa Criminal Jury Instruction 2500.7 (OWI—Refusal to Take Test) (1988). The instruction is based upon Iowa Code section 321J.16, which provides:

If a person refuses to submit to a chemical test, proof of refusal is admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person was operating a motor vehicle in violation of section 321J.2 [operating while under the influence of alcohol].

■ Jury instructions should state the applicable law. *State v. Marsh,* 392 N.W.2d 132, 133 (Iowa 1986). They are not intended to "marshal the evidence or give undue prominence to certain evidence involved in the case." *Id.* In fashioning jury instructions, a trial judge should avoid drawing attention to specific evidence. Instead, the judge should "walk a middle course and avoid arguing the case for either side in the instructions." *Id.*

■ Long ago this court cautioned that [t]he practice of embodying in an instruction a recitation of facts on which a party relies is not to be encouraged because of the tendency to thereby unduly magnify the importance of the matters thus selected for specific mention....

*Van Norman v. Modern Bhd.,* 143 Iowa 536, 551, 121 N.W. 1080, 1085 (1909). This is still good law. *See, e.g., Marsh,* 392 N.W.2d at 133–34 (cautioning against giving flight instructions because they place undue emphasis upon that piece of evidence). *Accord State v. Bone,* 429 N.W.2d 123, 126 (Iowa 1988) ("[W]e reiterate our repeated admonition that flight instructions are 'rarely advisable' because they amount to an unnecessary comment by the trial court on the evidence.").

■ One harm in singling out a piece of evidence and commenting on it is that the trial judge may be invading the province of the jury. That is exactly what happened in a recent drunk driving case in Ohio. *See State v. Gray,* 85 Ohio App.3d 165, 171, 619 N.E.2d 460, 465 (1993).

In *Gray,* the trial judge instructed the jury that it could consider, as part of the evidence, that the defendant refused to submit to a chemical test because he believed he was intoxicated at the time he refused. In condemning the instruction, the court reasoned that

[t]he inference of the defendant's intoxication was not permitted to be made by the jury in consideration of the evidence. Rather, the jury was directed by the court that it might consider that defendant believed he was under the influence of alcohol at the time of the test. The trial court's instructing the jury as to the effect of defendant's refusal to take the breath test was prejudicial.

Why defendant refused to take the test was a factual issue to be considered by the jury and should not have been determined by the court. A trial court is not totally precluded from commenting on evidence during the course of trial and in charging the jury, but must guard against superseding the jury in its role as the sole fact finder. Not all refusals to submit to chemical tests are based on consciousness of guilt. For instance, ... a defendant may refuse in order to contact his attorney. The instruction given by the trial court in defendant's case gave undue weight to the

refusal and invaded the province of the jury.

*Id.* at 171–72, 619 N.E.2d at 465 (citations omitted); *see also* 75A Am.Jur.2d *Trial* § 1199, at 690 (1991) ("A judge's comment upon the evidence should leave the jurors free to exercise their independent judgment, and comments which become practically a direction of the verdict constitute reversible error. The court is not authorized to take from the jury the right of weighing the evidence bearing on controverted facts, or the right to consider the credibility of witnesses.").

■ Although one might argue that the instruction here on refusal to give a breath sample was a comment on the evidence, it was not error to give it. The State obviously believed Massick refused because he knew he was intoxicated. Massick testified he refused because of his anger about the poor treatment he received from the deputy. So there was a factual issue on the reason for the refusal.

But the challenged instruction did not—as in *Gray*—direct the jury to consider the refusal as evidence that Massick knew he was intoxicated. Such a direction would have invaded the province of the jury on a factual issue: the reason for the refusal. The instruction merely told the jury it could consider the refusal in reaching its verdict—a neutral and nonspecific factual direction. Even *Gray* acknowledged that limiting the instruction in such a way would avoid error. *See Gray*, 85 Ohio App.3d at 171, 619 N.E.2d at 465.

B. *Refusal to submit reckless driving as a lesser included offense of operating while intoxicated.* Massick asked the district court to submit reckless driving in addition to operating while intoxicated. The district court refused, saying that reckless driving is not a lesser included offense of operating while intoxicated. Massick thinks the district court committed reversible error in not submitting reckless driving to the jury. The State counters that under the legal or elements test, reckless driving is not a lesser included offense of operating while intoxicated.

■ The law of lesser included offenses has been extensively treated by this court of late and will not be revisited in its entirety here. In a nutshell, a lesser offense is necessarily included in a greater offense if, under the legal or elements test, it is impossible to commit the greater offense without also committing the lesser offense. *State v. Jeffries,* 430 N.W.2d 728, 740 (Iowa 1988). ·If the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater. This is because it would be possible to commit the greater without also having committed the lesser. *Id.* at 740–41.

■ The elements of the two offenses are as follows:

| Operating While Intoxicated | Reckless Driving |
|---|---|
| 1. On or about the 18th day of January, 1992, the defendant operated a motor vehicle. | 1. On or about the 18th day of January, 1992, the defendant drove a vehicle. |
| 2. At that time, the defendant was under the influence of alcohol. | 2. The defendant did so in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property. |
| Jury Instruction No. 11 based on Iowa Code § 321J.2. | Iowa Code § 321.277. |

A comparison of the elements of each offense shows that reckless driving is not a lesser included offense of operating while intoxicated. Reckless driving requires proof that the defendant actually *drove* a vehicle, that is, moved it. In contrast, operating while intoxicated only requires proof that the defendant *operated* a vehicle. Under our law, the two are not synonymous. *See State v. Weaver,* 405 N.W.2d 852, 854 (Iowa 1987). For example, one can be convicted of operating while intoxicated without ever having moved the vehicle. *See State v. Webb,* 202 Iowa 633, 635–37, 210 N.W. 751, 751–52 (1926) (operating while intoxicated conviction upheld where defendant was stopped by police just after starting the car but before driving down the road).

■ In addition, reckless driving requires proof of a willful or wanton disregard for the safety of others or property. This is the recklessness element. Although driving under the influence is certainly reckless behavior, proof of recklessness is not an essential element of operating while intoxicated. *See State v. McQuillen,* 420 N.W.2d 488, 489

(Iowa App.1988) ("drunk *driving* is itself a reckless act") (emphasis added). As we said, one can operate a motor vehicle while under the influence of alcohol without actually moving the vehicle. This obviates the recklessness element necessary for committing reckless driving because some movement must occur before recklessness can be shown. Several other courts have reached the same conclusion, employing the impossibility and legal or elements test in states having operating while intoxicated and reckless driving statutes similar to Iowa's. *See, e.g., State v. Redfearn*, 504 So.2d 1005, 1007 (La.App. 1987); *State v. De Luca*, 208 N.J.Super. 422, 429, 506 A.2d 55, 59–60 (1986), *rev'd on other grounds*, 108 N.J. 98, 527 A.2d 1355 (1987); *Ray v. State*, 563 S.W.2d 218, 219–20 (Tenn. Crim.App.1977); *Wagner v. State*, 720 S.W.2d 827, 830 (Tex.App.1986).

C. *Supplemental instruction to the jury during deliberations.* During deliberations, the jury submitted a written request to the court. The jury asked if they could call the alcohol and drug abuse center about the effect of alcohol on an individual. Both sides agreed that the court should deny the request. But as the jury was entering the courtroom for its instruction, a juror handed the judge a second written request. This time the jury asked for an explanation about the results of a preliminary breath test.

Exhibit 1, which is the implied consent form, is in evidence. It mentions that a preliminary breath screening test (PBT) was administered to Massick. The record is devoid of any other evidence about this test.

Instead of discussing the contents of the second request with the parties, the court instructed the jury "no" as to the first request and gave them this answer as to the second request:

The preliminary breath screening test is not admissible in evidence. Its purpose is merely to help the officers to determine whether or not to request a breath test on the intoxilyzer. So the results of that test are not admissible.

■ Although Massick did not object at the time, he did raise a two-prong objection in his motion for new trial, which was overruled by District Associate Judge Thomas W. Mott. Massick raises those same objections here. Massick alleges that the supplemental instruction the court gave prejudiced him because it implied that he took and failed the breath test, evidence that is improper and prejudicial. The second prong of Massick's objection challenges the procedure the district court used. Massick insists that the court should have (1) told the parties what the request was, (2) discussed the court's response with counsel, and (3) asked for input from the parties as to what the response should be.

The record shows that Massick and his lawyer were in court when the district court addressed the jury. Right after the court responded to the two written requests from the jury, the following colloquy took place between the court and counsel:

THE COURT: Do counsel have any views on the questions, on the answers I have given, *any objections?* (Emphasis added.)

DEFENSE COUNSEL: Not from the defense, Your Honor.

THE PROSECUTOR: No, Your Honor, not on the part of the State.

The court actually invited objections. There were none. Massick should have objected or moved for a mistrial before the jury returned its verdict. His failure to do so was a waiver of any objections he might have had. *See State v. Doughty*, 397 N.W.2d 503, 504–05 (Iowa 1986) (any error in participation of potential juror, whom kidnapping defendant had peremptorily struck, in jury and verdict was waived where defendant failed to object to juror's presence until after verdict was rendered). Were we to hold otherwise, we would be "permitt[ing] an accused to forgo making an objection in the hope of receiving a favorable verdict." *State v. Epps*, 313 N.W.2d 553, 555 (Iowa 1981).

II. *Ineffective Assistance of Counsel.*

■ Massick claims his trial counsel was ineffective in two instances. First, Massick challenges his trial counsel's failure to object to Exhibit 1, which, he says, contained inadmissible hearsay about the results of a preliminary breath screening test (PBT).

The second challenge concerns a matter we have already discussed. We said that Massick waived any error when he failed to object to, or move for mistrial on, the district court's response to the second written jury request. Massick anticipated this result because he argues in the alternative that such failure on the part of his trial counsel was ineffective assistance of counsel.

We think these claims should be preserved for post-conviction determination. Doing so permits Massick's trial counsel to respond to these claims in a full evidentiary hearing.

Because we find no grounds for reversal, we affirm.

**AFFIRMED.**