

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1461-07

**ROY BOB BARTLETT, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### ARANSAS COUNTY

HERVEY, J., filed a dissenting opinion.

### DISSENTING OPINION

This case requires the Court to apply several statutes, and the language of these statutes is

the best indicator of how the Legislature intended for them to be applied. *See generally Boykin v.*

*State*, 818 S.W.2d 782 (Tex.Cr.App. 1991).

This is a DWI case, in which the trial court instructed the jury that appellant's refusal to take

a breath test "may be considered by you in the light of all other proven facts in deciding the question

of guilt or innocence."[1] The Court decides that this "seemingly neutral" language in the jury instruction was an "impermissible comment on the weight of the evidence" that "singled out" evidence in violation of Articles 36.14, 38.04, and 38.05, TEX. CODE CRIM. PROC. *See* Maj. op. at 12-13. The entire "seemingly neutral" jury instruction, which I would characterize as "neutral," stated:

> You are instructed that where a Defendant is accused of violating Chapter 49.04, Texas Penal Code, it is permissible for the prosecution to offer evidence that the defendant was offered and refused a breath test, providing that he has first been made aware of the nature of the test and its purpose. A Defendant under arrest for this offense shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood.
>
> The prosecution asks you to infer that the defendant's refusal to take the test is a circumstances tending to prove a consciousness of guilt. The defense asks you to reject the inferences urged by the prosecution and to conclude that because of the circumstances existing at the time of the defendant's refusal to take such a test, you should not infer a consciousness of guilt.
>
> The fact such test was refused is not sufficient standing alone, and by itself, to establish the guilt of the Defendant, but is a fact which, if proven, may be considered by you in the light of all other proven facts in deciding the question of guilt or innocence. Whether or not the Defendant's refusal to take the test shows a consciousness of guilt, and the significance to be attached to his refusal, are matters for your determination.

The court of appeals decided that this instruction did not violate Article 36.14, because it set out the law applicable to the case and it did not express the trial court's opinion as to the weight of the evidence or sum up the testimony or discuss the facts or inflame the jury's emotions. *See Bartlett v. State*, 2007 WL 2417367 (No. 13-06-00344, Tex. App.–Corpus Christi, delivered August 28,

---

[1] This instruction is consistent with the law applicable to this case set out in Section 724.061, TEX. TRANSP. CODE, which provides that a person's refusal of an officer's request to take a breath test "may be introduced into evidence at the person's trial."

2007); *see also* Article 36.14 (requiring a written charge by the trial court "distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury"). In addition to being consistent with the plain language of Article 36.14,[2] the court of appeals' decision in this case also appears to be consistent with authority from other jurisdictions that have considered the issue presented in this case. C*ompare State v. Massick*, 511 N.W.2d 384, 385-87 (Iowa 1994) (jury instruction in DWI prosecution that jury could consider the defendant's refusal to submit to breath test was not error because it "merely told the jury it could consider the refusal in reaching its verdict–a neutral and nonspecific factual direction") *with State v. Gray*, 619 N.E.2d 460, 465 (Ohio Ct. App. 1993) ("While it is permissible for the trial court to instruct the jury that a defendant's refusal to submit to a chemical test is evidence of his intoxication at the time of the test, the court in the present case went beyond such an instruction. The court told the jury it could consider, as part of the evidence, that appellant refused the examination because he believed he was under the influence of alcohol at the time the refusal was made. The inference of appellant's intoxication was not permitted to be made by the jury in consideration of the evidence. Rather, the jury was directed by the court that it might consider that appellant believed he was under the influence of alcohol at the time of the test.

---

[2] Article 36.14 prohibits the trial court's charge from expressing the trial court's opinion as to the **weight** of the evidence. *See Brown v. State*, 122 S.W.3d 794, 804-05 (Tex.Cr.App. 2003) (Hervey, J., concurring in the judgment) (jury instruction that "intent or knowledge may be inferred by acts done or words spoken" does not violate Article 36.14, because it does not "express any opinion as to the weight of the evidence," and this Court's prior case law as to what constitutes a comment on the weight of the evidence may be inconsistent with the plain language of Article 36.14).

The trial court's instructing the jury as to the effect of appellant's refusal to take the breath test was prejudicial.").[3]

Consistent with the plain language of Article 36.14, the majority view seems to be that a trial court "is not totally precluded" from "singling out," or commenting on, evidence so long as it does so "neutrally" and does not "supersed[e] the jury in its role as the sole fact finder." *See Gray*, 619 N.E.2d at 465; *see also Massick*, 511 N.W.2d at 387 (citing 75 Am. Jur. 2d Trial § 1199, at 690 (1991) ("A judge's comment upon the evidence should leave the jurors free to exercise their independent judgment, and comments which become practically a direction of the verdict constitute reversible error. The court is not authorized to take from the jury the right of weighing the evidence bearing on controverted facts, or the right to consider the credibility of witnesses.")). I would decide that the "neutral" instruction in this case (though it may have noted the evidence of appellant's refusal to take the breath test) did not comment on the **weight** of that evidence and, therefore, did not violate the plain language of Article 36.14.[4]

---

[3]

My nonexhaustive research indicates that cases such as *Massick* and *Gray* seem to represent the majority view. My research has discovered only one jurisdiction prohibiting a "neutral" instruction like the one in this case. *See Edwards v. State*, 603 So. 2d 89, 90 (Fla. Dist. Ct. App. 1992) (jury instruction that defendant's refusal to submit to chemical test is "a circumstance from which guilt may be inferred" even though not sufficient to "raise a presumption of guilt, it is a circumstance which the jury may consider along with all the other evidence and circumstances in the case"was impermissible comment on the evidence). While these cases may be informative, the decisional guide in this case is the language of the applicable statutes such as Article 36.14.

[4]

The "neutral" instruction also did not violate Article 38.05, because it did not convey the trial court's opinion of the case to the jury. *See* Article 38.05 (prohibiting trial court from making "any remark calculated to convey to the jury his opinion of the case"). This instruction also did not violate Article 38.04 because it expressly instructed the jury that "the significance to be attached to [appellant's] refusal, are matters for your determination." *See* Article 38.04 (jury is the exclusive "judge of the facts proved, and of the weight to be given to the testimony").

I respectfully dissent.[5]

Hervey, J.

Filed: November 26, 2008
Publish

---

[5]

It is also difficult to conceive of how an instruction, such as the "neutral" one in this case, could ever be harmful since the State can present evidence on a defendant's refusal to submit to a breath test and argue that to the jury. *See Brown*, 122 S.W.3d at 803-04 ("benign" jury instruction that "intent or knowledge may be inferred by acts done or words spoken" was impermissible comment on the weight of the evidence but was "not, in any sense, harmful").