# IN THE COURT OF APPEALS OF IOWA

No. 13-1072
Filed August 13, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KENDALL LEE WARE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Audubon County, James M. Richardson, Judge.

Kendall Ware appeals his conviction for homicide by operating a vehicle while intoxicated, claiming the district court erred in refusing to instruct on homicide by vehicle by reckless driving as a lesser included offense. **AFFIRMED**.

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Francine O'Brien Andersen, County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Kendall Lee Ware appeals his conviction for homicide by vehicle by operating while intoxicated, in violation of Iowa Code sections 321J.2 and 707.6A(1) (2011). Ware claims the district court erred in refusing to instruct on homicide by vehicle by reckless driving as a lesser included offense. *See* Iowa Code §§ 321.277, 707.6A(2)(a). We find homicide by vehicle by reckless driving is not a lesser included offense of homicide by vehicle by operating while intoxicated. Accordingly, the district court did not abuse its discretion in refusing to submit Ware's requested instruction. We affirm.

## I.      *Background Facts and Proceedings*.

On October 19, 2011, just before 11:25 p.m., Ware was involved in a head-on collision at a curve on Highway 71. The collision resulted in the death of Kristopher Crawley and serious injury to the driver of Crawley's car and a passenger in Ware's car. Ware was stuck in his seat and rescue personnel had to extricate him from his vehicle before transporting him to the hospital where he consented to a blood test. Ware's blood sample showed an alcohol concentration of .205.

At trial, an accident reconstructionist testified Ware's vehicle had crossed the centerline and caused the collision, consistent with an "impaired or distracted" driver. Ware claimed he only drank right after the accident, from a bottle of Gatorade and vodka kept in his vehicle.

A jury found Ware guilty of vehicular homicide by operating while intoxicated. Ware appeals.

## II. Scope and Standards of Review.

Challenges to jury instructions are reviewed for errors at law. *State v. Frei*, 831 N.W.2d 70, 73 (Iowa 2013). We review Ware's related claim that the trial court should have given his requested instruction for an abuse of discretion. *See id.*

## III. Discussion.

***A. Statutory Framework.*** This case concerns Iowa Code section 707.6A. Originally, the statutory framework provided a class "D" felony occurred

> when [a] person unintentionally causes the death of another *by either of the following means*:
>    a. *Operating* a motor vehicle while under the influence of alcohol or a drug or a combination of such substances or while having an alcohol concentration of .10 or more, in violation of section 321J.2.
>    b. *Driving* a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277.

Iowa Code § 707.6A(1)(a), (b) (1987) (emphasis added). As the legislature amended section 707.6A over the years, it chose to make the penalty for death caused by *operating while intoxicated* greater than the penalty for death caused by *driving in a reckless manner*, but did not change the "operating" or "driving" terminology. *Compare* Iowa Code § 707.6A(1), (2)(a) (2011) *with* Iowa Code § 707.6A(1)(a), (b) (1987); *see also State v. Adams*, 810 N.W.2d 365, 369 (Iowa 2012) (recognizing a statute does not "overturn long-established legal principles, unless that intention is clearly expressed or the implication to that effect is inescapable"). Thus, section 707.6A now provides:

(1) A person commits a class "B" felony when the person unintentionally causes the death of another by operating a motor vehicle while intoxicated, as prohibited by section 321J.2.[1]

. . . .

(2) A person commits a class "C" felony when the person unintentionally causes the death of another by . . .

(a) driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property . . . in violation of section 321.277.[2]

Iowa Code § 707.6A(1), .6A(2)(a) (2011).

**B. Merits.** Ware claims the district court erred in failing to instruct the jury that homicide by vehicle by reckless driving is a lesser included offense of homicide by vehicle by operating while intoxicated. Our supreme court has long held the paramount consideration in determining whether a crime is a lesser included offense of a greater crime is the "impossibility test." *State v. Miller*, 841 N.W.2d 583, 588 (Iowa 2014). Under the impossibility test, courts determine whether "the greater offense cannot be committed without also committing all elements of the lesser offense." *Id.* (quoting *State v. Coffin*, 504 N.W.2d 893, 894 (Iowa 1993)). Subsumed within the impossibility test and "an aid to applying the impossibility test" is the "elements test"—the "usual method to ascertain whether it is possible to commit the greater offense without committing the lesser." *Id.* (citing *State v. Turecek*, 456 N.W.2d 219, 223 (Iowa 1990)). The elements test states:

---

[1] Iowa Code section 321J.2(1) defines the offense of "operating while intoxicated" as "operat[ing] a motor vehicle . . . [w]hile under the influence of an alcoholic beverage or other drug," "[w]hile having an alcohol concentration of .08 or more," or "[w]hile any amount of a controlled substance is present" in the person's blood or urine.
[2] Iowa Code section 321.77 defines the offense of "reckless driving" as "[a]ny person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property."

> [T]he lesser offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense. *If the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater.* This is because it would be possible in that situation to commit the greater without also having committed the lesser.

*State v. Jeffries*, 430 N.W.2d 728, 740 (Iowa 1988) (emphasis added). In using this test, we look to the statutory elements rather than to the charge or the evidence. *Id.*

[I]n this case, "as in any case, [our] first task is to look at the elements of the marshaling instructions actually submitted to the jury." *Miller*, 841 N.W.2d at 590. "The elements of the crime described in the instruction are then compared with the statutory elements of the proposed lesser included offense to 'determine if the greater offense can be committed without also committing the lesser offense.'" *Id.* (quoting *State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001)).

The district court followed model Criminal Jury Instruction 710.1[3] in instructing the jury on the elements of homicide by vehicle by operating while intoxicated, a class "B" felony:

---

[3] Criminal Jury Instruction No. 710.1 provides:
**710.1 Homicide By Vehicle (Intoxication)—Elements.** The State must prove both of the following elements of Homicide By Vehicle:
    1. On or about the _____ day of _____, 20__, the defendant:
        a. operated a motor vehicle while under the influence of alcohol or a drug or a combination of such substances; or
        b. operated a motor vehicle while having an alcohol concentration of [.08] or more, or
        c. operated a motor vehicle while any amount of a controlled substance was present, as measured in the defendant's blood or urine.
    2. The defendant's act or acts set out in Element 1 unintentionally caused the death of (victim).

(1) On or about the 19th day of October, 2011 in the State of Iowa, Defendant Kendall Lee Ware:

a. *Operated* a motor vehicle while under the influence of alcohol; and/or

b. *Operated* a motor vehicle while having an alcohol concentration of .08 or more, and

(2) Defendant Kendall Lee Ware's act or acts set out in Element 1 unintentionally caused the death of Kristopher George Crawley.

(Emphasis added.)

As discussed above, the statutory elements of homicide by vehicle by reckless driving are: "A person commits a class 'C' felony when the person unintentionally causes the death of another by . . . (a) *driving* a motor vehicle *in a reckless manner with willful or wanton disregard* for the safety of persons or property . . . in violation of section 321.277."  Iowa Code § 707.6A(2)(a) (emphasis added).

When the marshaling instruction's elements herein are juxtaposed with the statutory elements, the threshold question becomes whether the elements of "reckless driving" and "operating while intoxicated" share the identity necessary to make vehicular homicide by reckless driving a lesser included offense of vehicular homicide by operation while intoxicated.  *See Miller*, 841 N.W.2d at 590.  To make this determination, we first must define the meaning of the terms, "reckless driving" and "operating while intoxicated."  *See id.* (noting if two terms

---

If the State has proved both of the elements, the defendant is guilty of Homicide by Vehicle. If the State has failed to prove either of the elements, the defendant is not guilty of Homicide by Vehicle (and you will then consider the charge of _____ as explained in Instruction No. _____).

"have entirely separate meanings" then the one crime "is not a lesser included offense").

We find guidance in our supreme court's resolution, in *State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994), on whether reckless driving is a lesser included offense of operating while intoxicated. The *Massick* court ruled "reckless driving" and "operating while intoxicated" are not synonymous, stating:

> A comparison of the elements . . . shows that reckless driving is not a lesser included offense of operating while intoxicated. Reckless driving requires proof that the defendant actually *drove* a vehicle, that is, moved it. In contrast, operating while intoxicated only requires proof that the defendant *operated* a vehicle. Under our law, the two are not synonymous. For example, one can be convicted of operating while intoxicated without ever having moved the vehicle. *See State v. Webb,* 210 N.W. 751, 751-52 (1926) (operating while intoxicated conviction upheld where defendant was stopped by police just after starting the car but before driving down the road).
> In addition, reckless driving requires proof of a willful or wanton disregard for the safety of others or property. This is the recklessness element. Although driving under the influence is certainly reckless behavior, proof of recklessness is not an essential element of operating while intoxicated . . . . As we said, one can operate a motor vehicle while under the influence of alcohol without actually moving the vehicle. This obviates the recklessness element necessary for committing reckless driving because some movement must occur before recklessness can be shown. Several other courts have reached the same conclusion, employing the impossibility and . . . elements test in states having operating while intoxicated and reckless driving statutes similar to Iowa's.

*Massick*, 511 N.W.2d at 387-88 (citations omitted); *see also State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998) ("Operating" is a term of art that means "the immediate, actual physical control over a motor vehicle that is in motion and/or has its engine running."); *State v. Murray*, 539 N.W.2d 369, 369 (Iowa 1995) ("A person may 'operate' a motor vehicle' without 'driving' it."); *State v. Leonard*, No.

98-968, 1999 WL 668726, at *2 (Iowa Ct. App. Aug. 27, 1999) (holding a defendant may be convicted of homicide by vehicle by operating while intoxicated "even if he is acquitted of" homicide by vehicle by reckless driving).

After a review of *Massick*, "reckless driving is not a lesser included offense of operating while intoxicated," therefore homicide by vehicle by reckless driving is not a lesser included offense of homicide by vehicle by operating while intoxicated.  *See Massick*, 511 N.W.2d at 387-88.  A change in the law, if desired, is left to the legislature because "it is not the court's role to reconfigure the statute." *Adams*, 810 N.W.2d at 371.

In conclusion, applying the impossibility test, it is possible to commit the greater offense of vehicular homicide by operating while intoxicated without committing the lesser offense of vehicular homicide by reckless driving.  As a result, vehicular homicide by reckless driving is not a lesser included offense of vehicular homicide by operating while intoxicated.  Accordingly, the district court did not abuse its discretion in refusing to submit Ware's requested instruction, and we affirm.

**AFFIRMED.**

Potterfield, P.J., concurs; Tabor, J., dissents.

**TABOR, J.** (dissenting)

I respectfully dissent. I would reverse Ware's conviction and remand for a new trial. In my view, *State v. Massick*, 511 N.W.2d 384 (Iowa 1994) does not control the question of lesser included offenses under the homicide by vehicle statute. I also believe the district court's refusal to give a lesser included offense instruction on the reckless driving alternative of homicide by vehicle conflicts with the causation analysis in *State v. Adams*, 810 N.W.2d 365 (Iowa 2012).

*Massick* held reckless driving under Iowa Code section 321.277 is not a lesser included offense of operating while intoxicated (OWI) under section 321J.2 because a defendant cannot be convicted of reckless driving without proof he or she actually *drove* a vehicle, but a defendant can be convicted of OWI without moving his or her vehicle. 511 N.W.2d at 387. The court also concluded OWI lacked an element of recklessness because "some movement must occur before recklessness can be shown." *Id.* at 388. In other words, it is possible to commit OWI without committing reckless *driving*.

By contrast, it is impossible to commit homicide by vehicle under section 707.6A(1) (unintentionally causing a death by OWI) without also violating section 707.6A(2)(a) (unintentionally causing death by reckless driving). A person cannot unintentionally cause the death of another by operating a motor vehicle while intoxicated without moving the vehicle. *See Adams*, 810 N.W.2d at 371 (holding the State had the burden under section 707.6A(1) to prove a factual causal connection between "the defendant's intoxicated driving and the victim's death"). It is evident from the following analysis in *Adams* that our supreme court

considers operating to be synonymous with driving under the homicide by vehicle statute:

> Although the statute does not impose a burden on the State to prove a specific causal connection between the defendant's *intoxication* and the victim's death, it does require proof of a factual causal connection between a specific criminal act—"intoxicated driving"—and the victim's death. Put another way, the statute demands more than mere proof that the defendant's *driving* caused the death of another person. A defendant may be found guilty of homicide by vehicle only if the jury finds beyond a reasonable doubt that his criminal act of driving under the influence of alcohol caused the victim's death.

*Id.*

Equating the two terms in the vehicular homicide context makes sense because it would be impossible to cause the death of another by just starting the engine of the vehicle. The operator must move the vehicle to be the factual cause of the death. Accordingly, section 707.6A(2)(a) does not require an element of driving beyond that required in section 707.6A(1).

Having determined that driving is an element of both offenses, the only remaining question is whether the element of recklessness is necessarily included in the crime of causing death by OWI. Our case law reveals that it is. In *State v. McQuillen*, 420 N.W.2d 488, 489 (Iowa Ct. App. 1988), we held the trial court was not required to submit a separate instruction on recklessness in an involuntary manslaughter and OWI prosecution because "drunk driving is itself a reckless act." *McQuillen* relied on *State v. Wullner*, 401 N.W.2d 214, 217 (Iowa Ct. App. 1986), where we said it would be "patently absurd and generally redundant" to require the State to prove recklessness "independent of the drunk driving." Under *McQuillen* and *Wullner*, drunken driving is a per se act of

recklessness. *See State v. Rohm*, 609 N.W.2d 504, 513 (Iowa 2000) ("[W]hen the activity or conduct itself constitutes recklessness, the necessity of proof of recklessness is eliminated"). It would logically follow that unintentionally causing the death of another by driving with willful or wanton disregard for the safety of persons or property—which did not include operating in violation of section 321J.2—would be a lesser included offense of section 707.6A(1).

Because section 707.6A(2)(a) does not require proof of any elements that are not included in section 707.6A(1), and section 707.6A(1) requires proof of the additional element of the driver being under the influence of intoxicants or having a blood alcohol content of more than .08, section 707.6A(2)(a) is a lesser included offense of section 707.6A(1). Ware's jury should have received his requested instruction on the reckless driving alternative of homicide by vehicle.

Based on the evidence in the record, I would not find this instructional error to be harmless. In this case, if given an instruction on the recklessness alternative, it is plausible the jury would have reached a different verdict. *See State v. Turecek*, 456 N.W.2d 219, 222 (Iowa 1990).