# IN THE COURT OF APPEALS OF IOWA

No. 16-0656
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AARON LANCE SAMS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Randy S. DeGeest, Judge.

The defendant challenges his conviction for operating while intoxicated, second offense. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Aaron Sams appeals from his conviction for operating while intoxicated, second offense. Sams maintains he received ineffective assistance from trial counsel. Specifically, he maintains counsel was ineffective for failing to make a motion for judgment of acquittal specifically challenging the sufficiency of the evidence to support the jury's finding that Sams was under the influence of alcohol when he was stopped in his vehicle by a police officer.

To succeed on a claim of ineffective assistance, Sams has the burden to establish "by a preponderance of the evidence: (1) trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Williams*, 695 N.W.2d 23, 29 (Iowa 2005). Here, the record is adequate to address the claim on direct appeal. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Clearly, if the record in this case fails to reveal substantial evidence to support the conviction[], counsel was ineffective for failing to properly raise the issue and prejudice resulted. On the other hand, if the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial. Consequently, the claim of ineffective assistance of counsel in this case can and should be addressed on direct appeal."). Our review is de novo. *Id.* at 615.

There is no dispute that Sams was operating a vehicle when he was stopped by a police officer; Sams was initially stopped for driving thirty-five miles per hour in a speed zone that allowed only twenty-five miles per hour. The issue for the jury was whether Sams was under the influence while doing so. The jury was instructed as follows:

A person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true:
1. His reason or mental ability has been affected.
2. His judgment is impaired.
3. His emotions are visibly excited.
4. He has, to any extent, lost control of bodily actions or motions.

Officer Brandon Blanchard testified that when he approached the car and made contact with Sams, the officer asked Sams for his license, registration, and insurance. He stated it took Sams "quite some time to retrieve those items for" him, which has happened in other instances in the officer's experience when a driver turns out to be under the influence. Additionally, Sams's speech was slurred, his eyes were watery, and the odor of alcohol was emanating from him. The officer then asked Sams how much alcohol he had consumed that night; Sams responded he was not sure. Later, Sams told Officer Blanchard he had three beers, but one spilled on him; Sams stated he had his last drink of alcohol approximately forty-five minutes before being pulled over. The officer asked Sams to consent to perform field sobriety tests, and Sams consented. When the officer administered the horizontal gaze nystagmus (HGN) test, Sams failed each of the three phases on each eye, showing six of six clues that he was under the influence. Sams did much better on the following two tests, showing only one clue of intoxication during the walk-and-turn test and none on the one-leg stand. The officer testified a mixed result sometimes occurs because the latter two tests involve coordination and balance and could be practiced, if someone chose. However, the HGN test measures an involuntary physiological reaction. According to the officer, "HGN, that is the best indicator because, as I said, it's physiological. You can't do anything to change that. You can't think about not

jerking and your eyes don't jerk. It's involuntary." Additionally, after the officer took Sams to the station and read him the advised-consent form, Sams refused to submit to the breath test. The jury could consider Sams's refusal to submit to the test and the possible reasons for why he would refuse in reaching its verdict. *See State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994) (holding an instruction allowing the jury to consider the driver's refusal to give breath sample in reaching a verdict did not instruct jury on what factual conclusions to draw from the refusal, so it did not invade province of jury).

If Sams's trial counsel had made a specific motion for judgment of acquittal, the court would review the evidence in the record in the light most favorable to the State. *See Williams*, 695 N.W.2d at 27 ("[W]e also view the 'evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" (citation omitted)). In doing so, the court could conclude that Sams's choice to speed was evidence his judgment was impaired. Similarly, while Sams's counsel implied that Sams failure of the HGN could have been a result of a physical condition or the use of certain medications, the court could conclude— based on Sams's admission he had been drinking and the odor of alcohol emanating from him—that he had actually lost control of his bodily actions due to his consumption of alcohol.

Viewing the evidence in the light most favorable to the State, there is sufficient evidence to support the jury's finding Sams was under the influence of alcohol at the time he was stopped by the officer. Thus, Sams's trial counsel had no duty to move for a judgment of acquittal. *See State v. Carroll*, 767 N.W.2d

638, 645 (Iowa 2009) ("[C]ounsel has no duty to pursue a meritless issue.").
Sams's claim of ineffective assistance fails, and we affirm.

**AFFIRMED.**