# IN THE COURT OF APPEALS OF IOWA

No. 18-0620
Filed March 6, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSEPH EDWARD BREKKE,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Joseph Brekke appeals his convictions for operating while intoxicated and possession of controlled substances. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, PC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Joseph Brekke appeals his convictions for operating while intoxicated and possession of controlled substances. We find substantial evidence supports each conviction and affirm the district court.

### I. Background Facts & Proceedings

Just after 2:00 a.m. on October 3, 2017, law enforcement found Brekke's vehicle stopped a few feet into an intersection of two major roads with the engine running and brake lights on. The officer performed a welfare check when the vehicle did not move through two green light cycles, and observed Brekke passed out in the driver's seat. The officer woke Brekke by knocking on the window and asked him to step out of the vehicle. Brekke appeared groggy, lethargic, and confused. The officer smelled alcohol on Brekke and Brekke exhibited signs of an intoxicated individual, including bloodshot and watery eyes, slurred speech, and unsteady balance. Brekke admitted to drinking a few beers earlier that night. Brekke told the officers he took "a lot" of medications including for a bad back and mental health. Brekke was unable to orient himself and soon claimed he had never been in the driver's seat of his car and had been left in the intersection by a friend when the car ran out of gas. Brekke's horizontal gaze nystagmus test indicated intoxication, but he could not complete other field sobriety tests due to a claimed back injury. He refused to take a preliminary breath test, and, after being read the implied consent advisory at the police station, refused to submit a breath sample.

A search of the vehicle yielded three alprazolam pills and two hydrocodone pills in a cigarette pack cellophane wrapper in the center console. A large amount of cash was also found in the vehicle. A search of Brekke yielded a cigarette pack

containing a credit or debit card with Brekke's name on it, a folded paper packet containing a white powdery substance, and a vial with residue of the same powdery substance. The officers suspected, and testing confirmed, the substance was cocaine. It appeared Brekke had not cleaned out the vehicle for some time, and he testified to having owned the vehicle for thirteen years. Brekke's current prescription medications were not found in the vehicle.

Brekke was charged with one count of operating while intoxicated, in violation of Iowa Code section 321J.2 (2017), and three counts of possession of a controlled substance—for cocaine, hydrocodone, and alprazolam—in violation of section 124.401. A jury trial was held March 7 and 8, 2018. Brekke moved for directed verdict and judgment of acquittal at the close of the State's evidence, which the court denied.

Brekke testified at trial. He testified that in the past, he had valid prescriptions for alprazolam and hydrocodone, which had expired in 2010 and 2013, respectively. He testified to having prescriptions for mental-health-related medications on October 3, but he had not taken them for several days and his physical signs of intoxication were signs of his withdrawal from the prescriptions.[1] Brekke attributed his behavior to various physical ailments, fatigue, suicide ideation, and emotional trauma from watching a friend shoot himself triggered by a recent mass shooting. He testified on October 3 he was on his way to the hospital due to an episode of psychosis. He had a prescription for eye drops but testified he had not been using them and the drops were not found on him. He

---

[1] Brekke's current prescriptions specifically advised to avoid drinking alcohol while taking the drugs.

claimed he picked up an open cigarette pack he found in a gas station bathroom and put it in his pocket without looking in it, not knowing it had cocaine in it and no cigarettes. He did not inform the officers of any these claims beyond the physical ailments, and much of the testimony conflicts with what he told officers that night.

The motion for judgment of acquittal was renewed and again denied at the close of the defense's evidence. The jury returned a guilty verdict on all four counts. Brekke filed a motion in arrest of judgment and motion for new trial. The court denied the motions and on April 5 entered judgment and sentenced Brekke. Brekke appeals, claiming there was not sufficient evidence to support his conviction on any of the charges.

## II. Standard of Review

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). We will consider all evidence in the record, including all reasonable inferences fairly drawn from the evidence, viewed in the light most favorable to the State. *State v. Reed*, 875 N.W.2d 693, 704 (Iowa 2016). We will uphold a verdict supported by substantial evidence in the record. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (quoting *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997)).

## III. Analysis

The jury heard evidence from the two officers who spoke with Brekke the night of October 3, and viewed dash-cam, body camera, and police station video of their interactions with Brekke. The jury also had the opportunity to hear

testimony from Brekke and to make credibility determinations regarding the testimony from the officers and Brekke. A jury is free to believe or disbelieve any testimony as it chooses and to give as much weight to the evidence as, in its judgment, such evidence should receive." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

**A.     Operating while intoxicated.** Brekke claims he was not intoxicated, but rather was impaired due to the withdrawal effects of missing mental-health medications and physical impairments that presented as intoxication. He points to the lack of physical evidence proving intoxication.

A defendant may be convicted of operating while either having a blood alcohol concentration above the statutory amount, or while under the influence of alcohol or drugs or a combination of the two. *State v. Hutton*, 796 N.W.2d 898, 904 (Iowa 2011). The jury may consider a defendant's refusal to submit to the breath test. *See* Iowa Code § 321J.16; *State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994). Brekke admitted to having multiple alcoholic beverages that night and stated to officers he was on "a lot" of medications.

"[T]he determination of whether a person is under the influence of an alcoholic beverage is focused on the conduct and demeanor of the person . . . ." *Id.* A person is "under the influence" when the person has been drinking alcohol and (1) his reason or mental ability has been affected, (2) he has impaired judgment, (3) he has visibly excited emotions, or (4) he has lost control of bodily actions or motions to any extent. *State v. Dominguez*, 482 N.W.2d 390, 392 (Iowa 1992). The jury may also consider the defendant's refusal to submit to a chemical test as evidence of intoxication. *See* Iowa Code § 321J.16.

Regardless of his blood alcohol concentration and any withdrawal he may have been experiencing, the videos show Brekke exhibiting several signs of being under the influence and had admitted to drinking alcohol that night. In particular, Brekke exhibited difficulty answering officers' questions, an inability to reason, and had delayed reactions to officer requests. Based on the evidence before it, the jury could conceivably find beyond a reasonable doubt that Brekke was under the influence of alcohol or drugs or a combination of alcohol and drugs. Substantial evidence supports the jury's verdict.

**B.** **Possession of illegal substance.** Brekke claims he picked up an open cigarette pack in a gas station bathroom and put it in his pocket, not knowing it contained a vial and paper packet with cocaine. He testified to not knowing how his debit card then ended up inside the pack with a paper with the cocaine vial and packet.

"When the State charges a person with possession, the State must prove the person exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008). Here, the cocaine was found in Brekke's pocket, in a pack of the same type of cigarettes as Brekke smokes, with Brekke's debit card. The State proved Brekke's exclusive dominion and control of the substance.

Knowledge of the presence and nature of the substance "can, and because of their subjective nature often must be, inferred." *State v. Rudd*, 454 N.W.2d 570, 571 (Iowa 1990), *overruled on other grounds by State v. Webb*, 648 N.W.2d 72, 79 (Iowa 2002). A rebuttable inference of knowledge can arise from exclusive

possession. *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973). The jury weighed Brekke's exclusive possession and the presence of his debit card in the same pack as the cocaine against Brekke's rebutting testimony that he randomly picked up and pocketed the pack with no idea what was in it.

We find after weighing the weight of the evidence and determining the credibility of the witnesses, the jury could reasonably infer Brekke had knowledge of the presence and nature of the cocaine as well as actual possession of it, and substantial evidence supports the verdict.

**C.** **Possession of prescription medications.** The prescription medications alprazolam and hydrocodone were found together in Brekke's vehicle. Brekke admitted at trial the pills were his. Brekke's defense to each is he did not know it was in his vehicle and he could possess the medication due to a past prescription. The prescription medications were not loose and lost within the vehicle but were collected together in a single wrapper in the center console of Brekke's vehicle. The jury could reasonably infer Brekke knew of the pills' presence from his keeping them in a single cellophane wrapper located in the center console of his vehicle.

A person may lawfully possess a controlled substance if it was "obtained directly from, or pursuant to, a valid prescription." Iowa Code § 124.401(5). To come within the exception, a defendant must establish "(1) the controlled substance was obtained pursuant to a valid prescription; (2) the defendant came into lawful possession of the controlled substance; and (3) the defendant lawfully possessed the controlled substance for his or her own lawful use pursuant to a valid prescription." *State v. Gallardo*, No. 14-0350, 2015 WL 5278948, at *8 (Iowa

Ct. App. Sept. 10, 2015). The State can negate the exception beyond a reasonable doubt by disproving any of the elements. *Id.*

Brekke failed to provide any evidence the pills discovered were remainders from his past prescriptions.[2] In this case, the pills were not found in pharmacy containers containing information of a valid prescription or in any container used to assist in tracking medications, nor were they found scattered in Brekke's vehicle as if lost. Instead, they were found wrapped together in a clear cellophane wrapper in the center console within Brekke's reach. Nothing about the pills or Brekke's method and place of storage indicated the pills were left over from his 2010 and 2013 prescriptions. A long-expired prescription for a controlled substance cannot support the active possession of a prescription medication without some indication of lawful possession and use.

We find a reasonable fact finder could find beyond a reasonable doubt Brekke knew the pills were located in the center console, he did not obtain the alprazolam and hydrocodone from valid prescriptions for either prescription medication, and in October 2017 he did not lawfully possess the pills for his lawful use pursuant to a valid prescription. We affirm Brekke's convictions for possession of alprazolam and hydrocodone.

**AFFIRMED.**

---

[2] While Iowa law does not require disposal of outdated prescription medications, the prohibition on possession of controlled substances means the medications must link directly to the valid prescription.