# IN THE COURT OF APPEALS OF IOWA

No. 18-1243
Filed April 29, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**KALANDIS R. McNEIL,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, John Telleen, Judge.


　　　Kalandis McNeil appeals his conviction for failure to comply with sex-offender registry requirements. **AFFIRMED.**

　　　G. Brian Weiler, Davenport, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　　Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Kalandis McNeil appeals his conviction for failure to comply with sex-offender registry requirements as a habitual offender.  We find the district court's denial of his motion for a new trial was not an abuse of discretion and affirm.

## I.  Background Facts & Proceedings

In November 2017, McNeil was on parole serving a special sentence for sex offenders pursuant to Iowa Code section 903B.2 (2013).  Due to the nature of his offense, McNeil was also required to register as a sex offender pursuant to Iowa Code section 692A.103(1).  He wore a GPS tracking device as a condition of his parole.  McNeil had last reported his residence to law enforcement in September.[1]

On November 13, a warrant was issued for McNeil's arrest for failing to report to his parole officer and failing to attend treatment.  On November 14, McNeil removed his GPS device.  When the device stopped tracking, law enforcement were unable to locate it or McNeil.

In February 2018, officers tried to contact McNeil at his registered address, but a "For Rent" sign was displayed, and the apartment appeared abandoned.  The officers located McNeil at a nearby hotel and arrested him.  During the subsequent interview with the officers, McNeil stated he did not have a home address, had been staying "here and there," including at a different hotel the previous week, and

---

[1] Persons on the sex offender registry are required to register with the sheriff of the county within five days of changing their residence or employment.  Iowa Code § 692A.104.  If the offender stays away from the primary residence for more than five days, the new location must be provided to the sheriff of the county of principal residence.  *Id.* § 692A.105.

had cut off and thrown the GPS device in the river. McNeil even stated, "I was surprised they didn't update my warrant." When the officer said McNeil did not come down and tell the registry officers where he was or what he was up to, McNeil answered, "I couldn't. I had a warrant."

McNeil was charged with violating the sex-offender-registration requirements, second or subsequent offense as a habitual offender. He was also charged with criminal mischief in the third degree for the damage done to the GPS device. The matter proceeded to a jury trial on May 29 and 30.

After all the evidence had been presented and before closing arguments, the court reviewed the jury instructions with the State and McNeil. McNeil did not object to any of the proposed instructions.[2]

During deliberations, the jury sent a question to the court asking, "Is the GPS part of the parole or part of the sex-offender registry requirements?" McNeil's

---

[2] The marshalling instruction, for failure to comply with sex-offender registry requirements, Instruction 14, directs:

> The State must prove all of the following elements for failure to comply with sex offender registry requirements, under count 1:
>
> (1) The defendant was convicted of indecent exposure in Scott County Case No. SRCR35111, which required him to register as a sex offender as provided by chapter 692A.
>
> (2) That on or about 14th day of November, 2017, the defendant did knowingly:
>
> (a) Fail to notify the Scott County Sheriff's Office of a change in relevant information within five business days; or
>
> (b) Fail to appear in person within five business days to report any change of residence to the Scott County Sheriff's Office.
>
> (3) Defendant knew or should have reasonably known of his duty to fulfill requirements specified in chapter 692A.
>
> If the State has proved all of the elements, the defendant is guilty of failure to comply with sex offender registry requirements, under count 1. If the State has failed to prove one of the elements, the defendant is not guilty of failure to comply with sex offender registry requirements, under count 1.

counsel suggested the answer should be "the GPS system is not part of relevant information under jury instruction 16 and is not part of the sex offender registry requirement."[3]  The court told counsel,

> In my view this question by the jury in effect asks the court to tell them about the fact testimony from the witnesses that have already been provided or comment on or clarify the evidence.  In other words whether the State's evidence did or did not cover this topic.  That I don't think I can do. . . . I don't think I can comment on or should comment on whatever evidence was or was not given, which is in effect what this jury question asks me to do.

The court answered the jury, "Ladies and gentlemen, you must base your verdict upon the evidence already provided and the jury instructions.  Please re-read the instructions with particular attention to instruction number 16."  Instruction 16 defined "relevant information" for the first of the two alternatives in the marshalling instruction.  McNeil objected to the answer, stating the court could provide a specific answer indicating wearing the GPS was not part of the registry requirement.  The court overruled the objection.

The jury convicted McNeil of failure to comply with sex-offender registry requirements and criminal mischief and also made a special finding that McNeil was a habitual offender.

McNeil filed a motion for a new trial, claiming the State misrepresented the law to the jury resulting in confusion, the court failed to clarify the law, and the

---

[3] Instruction 16 provides:
> Relevant information as used in element 2 of Instruction 14 includes the following information with respect to a sex offender:
> (1) Criminal history, including warrants, articles, status of parole, probation, or supervised release, date of arrest, date of conviction, and registration status; or
> (2) Temporary lodging information including dates when residing in temporary lodging.

verdict was based on a mistaken understanding of the law as it related to the GPS device and the sex-offender registry requirements.

The court denied the motion, and McNeil appeals on the same grounds.[4]

## II. Standard of Review

"A district court should grant a motion for a new trial only in exceptional circumstances." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). "To the extent the motion [for a new trial] is based on discretionary grounds, we review it for an abuse of discretion." *State v. Lopez*, 633 N.W.2d 774, 781–82 (Iowa 2001).

## III. Analysis

McNeil claims the State offered an invalid theory of guilt for the offense of violating the sex-offender registry requirements based on the removal of his GPS device. He contends this invalid theory led to jury confusion, as shown by the question they submitted to the court. McNeil argues the court's answer directing the jury to reread the instructions, particularly instruction 16, did not correct the confusion and resulted in a general verdict that some members of the jury may have based on his alleged invalid theory of guilt.

First, it is the province of the court, not the attorneys, to inform the jury of what the law is, and this is done via a set of numbered instructions without comment or explanation. *See* Iowa R. Crim. P. 2.19(5)(f); Iowa R. Civ. P. 1.924 (applying civil jury instruction rules to criminal cases). The court instructed the jury at both the beginning and end of the trial that questions, comments, and arguments

---

[4] McNeil asserts the alleged errors deprived him of his due process rights. McNeil makes no argument and cites no authority supporting this claim, so we deem it waived. Iowa R. App. P. 6.903(2)(g)(3).

by the lawyers are not evidence. The court further instructed "I as a judge will instruct you as to the law that is to be applied to the case." McNeil had the opportunity to object to the jury instructions at the close of evidence and before they were read to the jury—he made no objection to any of them, including the marshalling instruction or the instruction defining "relevant information" for the jury. Nor did McNeil object during closing arguments to alert the court he thought the State was making a misstatement of law and presenting an invalid theory of guilt at which point he could have requested a curative instruction.

The jury instructions offered three alternative theories of guilt the State had to prove: (1) McNeil failed to notify the Scott County Sheriff's office of a change in relevant information respecting his "criminal history, including warrants, articles, status of parole, probation, or supervised release, date of arrest, date of conviction, and registration status"; (2) McNeil failed to notify the Scott County Sheriff's office of a change in relevant information on his "temporary lodging information, including dates when residing in temporary lodging"; or (3) McNeil failed "to appear in person within five business days to report any change of residence to the Scott County Sheriff's Office."

"[J]uries are presumed to follow the court's instructions." *State v. Becker*, 818 N.W.2d 135, 162 (Iowa 2012), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). Therefore, we presume the jury disregarded any confusion of the law or evidence presented in counsel's closing argument and instead relied on the evidence presented through testimony and exhibits and the law as set forth in the approved jury instructions.

As to the court's answer to the jury's question, the court expressly stated it wanted to avoid commenting on the evidence provided. Our supreme court has directed the trial court to "avoid drawing attention to specific evidence," and avoid arguing the case for either side. *State v. Massick*, 511 N.W.2d 384, 386 (Iowa 1994).

The testimony offered linked the removal of the GPS device with the warrant for McNeil's arrest and the status of his parole. McNeil does not argue that the warrant and parole status were not relevant information in the context of instructions 14 and 16. Giving McNeil's requested instruction as the court's answer would have constituted court comment on the evidence presented by the State. *See id.* Instead, the court directed the jury to reread the law as set forth in the instructions—instructions that McNeil had approved. The court did not abuse its discretion in its answer to the jury.

Finally, McNeil claims the jury entered a general verdict that may have been entered on an invalid theory of guilt. Our supreme court has stated: "[I]n Iowa we have consistently held if a general verdict is returned in which one theory should not have been submitted and we cannot determine which theory the jury embraced, the verdict is flawed." *State v. Tipton*, 897 N.W.2d 653, 681 (Iowa 2017). The State offered three alternative theories of guilt, all of which had supporting evidence in the record—evidence which included McNeil's own words during the police interview. The jury could reasonably have found McNeil failed to update the sheriff's office of the change in his relevant information, temporary housing, and change in residence.

We find the court did not abuse its discretion in denying the motion for new trial.

**AFFIRMED.**